**Geoffrey HONNEUS, Plaintiff, Appellee,**

v.

**George DONOVAN, Defendant, Appellant.**

**No. 82–1135.**

United States Court of Appeals, First Circuit.

Submitted June 11, 1982.

Decided Sept. 20, 1982.

George Donovan, on brief pro se.

Geoffrey Honneus, on brief pro se.

**PER CURIAM.**

Pro se defendant-appellant George Donovan, a member of the Massachusetts bar, appeals from a district court order, 93 F.R.D. 433, denying his F.R.Civ.P. 60(b) motion for relief from judgment. Donovan filed the motion one day less than a year after the district court entered an order that a default judgment be entered against him.

Geoffrey Honneus, pro se plaintiff-appellee brought suit against Donovan, who was at that time his brother-in-law, and three other members of the Massachusetts bar. The complaint, filed in December 1976, alleged that Honneus was a citizen of Florida, who was at the time incarcerated in Pennsylvania, and that defendants were all citizens of Massachusetts. Jurisdiction was based on diversity. Honneus sought relief for various acts of legal malpractice sounding in tort and contract.

Specifically as to defendant Donovan, Honneus alleged the following facts. Upon Honneus' arrest on drug charges, his brother-in-law Donovan recommended that he retain Thomas Troy to defend him. Troy agreed to defend Honneus for a fee of $60,000. Honneus later discovered that Troy and Donovan had agreed to split the fee, and that of the $40,000 Honneus had actually paid Troy, Donovan received $16,-500. Honneus claimed he would not have retained Troy had he known the fee would be divided with Donovan. Honneus also claims he discovered that Donovan had given law enforcement agents information about Honneus' whereabouts prior to his arrest. Honneus sought return of the $16,-500 plus interest, and punitive damages from Donovan.

According to the docket sheet, Donovan filed an appearance on his own behalf on February 10, 1977. Thereafter, despite requests from Honneus and from the other defendants for discovery, and more than one order of the district court, Donovan was silent. Finally, on May 19, 1980, Honneus moved the district court to enter a default judgment against Donovan. The district court scheduled a hearing for noon on July 8. Donovan did not respond; on August 21, 1980, the district court entered an order for judgment by default against Donovan. On November 3, 1980 two of the other defendants entered into a stipulation with Honneus dismissing the complaint as to them. A pre-trial conference was held the next day and trial scheduled for January 26, 1980. [sic]. On November 7, the district court entered judgment against Donovan for $16,500 plus interest. Honneus and the last defendant stipulated to a dismissal on November 17, 1980.

On August 20, 1981, four years and eight months after Honneus filed the complaint, Donovan filed his first papers in this case—a motion for relief from judgment pursuant to F.R.Civ.P. 60(b). The motion, accompanied by an affidavit, alleged that the district court lacked subject matter jurisdiction because Honneus had never been a resident of Florida as his complaint alleged, but was in fact a resident of Massachusetts. Donovan claimed that Honneus' allegation that he was a citizen of Florida constituted a fraud upon the court. *See,* F.R.Civ.P. 60(b)(3).

The district court denied the R. 60(b) motion. It found that although Honneus had not been a resident of Florida at the time he filed suit and therefore diversity was lacking, he had not committed fraud because he had not intended to deceive the court. The court noted further that defendant, plaintiff's brother-in-law could hardly have been misled by the claim.

The district court also considered whether Donovan was entitled to relief under 60(b)(4), on a claim that the judgment was void for lack of subject matter jurisdiction. The court rejected this possibility on two grounds: (1) the court's determination that it had jurisdiction may have been erroneous, but it was not void because the complaint, which Donovan never answered, sufficiently alleged diversity, citing *Lubben v. Selective Service System,* 453 F.2d 645, 649 (1st Cir. 1972); and (2) the issue of subject matter jurisdiction was res judicata since Donovan could have contested it but failed to do so.

◼ An order ruling on F.R.Civ.P. 60(b) motion is appealable, but is ordinarily reviewable only for an abuse of discretion. *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521 (1978). We see no abuse in the district court's ruling on Donovan's motion construed as a 60(b)(3) motion. The district court's findings on Donovan's allegation of fraud are not clearly erroneous. F.R.Civ.P. 52(a).

◼ If Donovan's motion is construed as having been made pursuant to 60(b)(4), then the district court had no discretion because a judgment is either void or it is not. 11 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2862, at 197 (1973); *Jordon v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975). However, "the concept of void judgments is narrowly construed." *Lubben supra,* at 649. And it is well established that a federal court's erroneous assumption of diversity jurisdiction does not render the judgment null but only erroneous. *M'Cormick v. Sullivant,* 10 Wheat. (23 U.S.) 192, 6 L.Ed. 300 (1825). "It was settled by [the Supreme Court] at a very early day, that, although the judgments and decrees of the Circuit Courts might be erroneous, if the records failed to show the facts on which the jurisdiction of the court rested, such as that plaintiffs were citizens of different states from the defendants, yet they were not nullities." *Des Moines Navigation and Railroad Co. v. Iowa Homestead Co.,* 123 U.S. 552, 557, 8 S.Ct. 217, 219, 31 L.Ed. 202 (1887); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Such a judgment may be re-

versed on appeal, but it is not void. *Id.* Donovan did not appeal from the judgment. The district court did not err in denying his motion to vacate.

*Affirmed.*