PATRICK J. O'DEA *vs.* J.A.L., INC.; AMERICAN
POLICYHOLDERS INSURANCE COMPANY & others,[1]
third-party defendants.

No. 90-P-1078.

Norfolk. January 14, 1991. - April 12, 1991.

Present: DREBEN, KASS, & LAURENCE, JJ.

*Practice, Civil,* Dismissal, Relief from judgment. *Workers' Compensation Act,* Uninsured employer, Action against employer, Action against third person, Cancellation of insurance, Jurisdiction of Superior Court. *Jurisdiction,* Superior Court.

Where final judgment had entered in a civil action and no appeal had been taken, the defendant's claim of lack of subject matter jurisdiction could appropriately be raised only under Mass.R.Civ.P. 60 (b) (4). [452]

The workers' compensation trust fund, G. L. c. 152, § 65 (2) (*e*), did not provide an exclusive remedy to an employee whose employer failed to maintain required workers' compensation insurance; the employee properly proceeded against the employer under G. L. c. 152, §§ 66 & 67. [453]

Where an injured employee properly invoked the jurisdiction of the Superior Court under G. L. c. 152, §§ 66 & 67, to enforce the tort liability of his employer after the employer's workers' compensation insurer disclaimed coverage, the insurer's subsequent acceptance of the employee's claim did not oust the court from subject matter jurisdiction and thereby render void the court's judgment against the employer. [453-454]

Discussion of the scope of Mass.R.Civ.P. 60 (b) (4) providing for relief from a void judgment in a civil action. [454-456]

CIVIL ACTION commenced in the Superior Court Department on July 11, 1988.

The case was heard by *Roger J. Donahue,* J., and a motion for relief from judgment was also heard by him.

*Barbara A. H. Smith* (*Joseph P. Flannery* with her) for the plaintiff.

---

[1]Mahoney & Wright Insurance Agency, Inc., and David C. Wells.

*Stephen Moulton* for J.A.L., Inc.

*Frank W. Kilburn* for American Policyholders Insurance Company.

*Leo F. Roche, Jr.*, for Mahoney & Wright Insurance Agency, Inc., & another, amici curiae, submitted a brief.

DREBEN, J. An employer required to maintain workers' compensation insurance who does not do so (or fails to become a licensed self-insurer), is liable in tort to an injured employee without proof of negligence. G. L. c. 152, §§ 66 & 67. *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 26 (1979). *Thorson* v. *Mandell*, 402 Mass. 744, 746 (1988). If the employer has such insurance, the injuries are compensable under the Massachusetts Workers' Compensation Act, G. L. c. 152, §§ 1 et seq., and the act provides an exclusive remedy. See G. L. c. 152, §§ 23-24. *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 547 (1980).

This tort action was brought by the plaintiff after his employer's insurer claimed that the employer's policy had lapsed. A judge of the Superior Court found damages for the employee in the amount of $675,000. Only after the entry of final judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), did the insurer agree to accept coverage. Thereupon, on motion of the employer, the judge vacated the judgment for the employee on the ground that the court "must dismiss this matter because it does not have subject matter jurisdiction." We reverse.

The procedural history of this action is complex. As indicated, after the compensation insurer of the defendant (the employer, J.A.L., Inc.) disclaimed coverage, the plaintiff brought this action under G. L. c. 152, § 66. The case was tried on the basis that the defendant, although required to carry workers' compensation insurance, failed to have such coverage on January 8, 1987, when the plaintiff was severely injured. After a hearing on damages — the defendant had been defaulted on liability[2] — the judge, on July 20, 1989,

---

[2] On July 5, 1989, the defendant had successfully moved to remove the default (on liability) for the sole purpose of filing a third-party complaint alleging negligence and breach of contract against its insurance broker for

made findings, assessed damages of $675,000, and entered judgment for the plaintiff.[3]

On September 5, 1989, the defendant filed a motion for relief from judgment on the ground of lack of jurisdiction, citing Mass.R.Civ.P. 12(h)(3) and 60(b)(4), 365 Mass. 757, 829 (1974).[4] The judge declined to act on the motion until the defendant's "former" compensation insurer was made a party. The defendant filed an amended third-party complaint[5] (see note 2, *supra*), and, after service, the insurer filed an answer in which it asserted: "Due to the failure of [the defendant] to make payments as required under the term[s] of its policy, said coverage was cancelled."

After considerable discovery and a review of its files, the insurer wrote to the plaintiff's counsel on March 13, 1990, offering to place the plaintiff on workers' compensation.[6] In its responses to requests for admissions by the defendant (third-party plaintiff), the insurer, on April 20, 1990, suggested that it may have given improper notice of cancellation[7] and repeated its March 13th offer to accept the plaintiff's workers' compensation claim.

On July 5, 1990, the defendant renewed its September 5, 1989 motion for relief from judgment and requested that the action be "dismissed for lack of subject matter jurisdiction."

---

allowing the policy to lapse despite the defendant's payment of premiums. A third-party complaint was filed on September 5, 1989.

[3]On September 5, 1989, having made a determination under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), that there was no just reason for delay, the judge entered judgment for the plaintiff, nunc pro tunc, as of July 20, 1989.

[4]Traditionally, the statutory bar to a common law claim under the workers' compensation act is treated as a lack of subject matter jurisdiction. *Foley* v. *Polaroid Corp.*, 381 Mass. at 548. See *Harris* v. *Sannella*, 400 Mass. 392, 394 (1987).

[5]The amended complaint added the insurer and also an employee of the defendant's insurance broker.

[6]The insurer also offered to pay O'Dea's reasonable attorney's fees and interest on past benefits at the rate of eight percent per annum.

[7]The insurer stated that, at the time of the plaintiff's claim, the insurer's records showed that no insurance policy was in force and that the insurer had properly cancelled the policy. It acknowledged that "[i]t was later determined that a clerical error may have occurred and the notice [of cancellation] may have been sent to an incorrect address . . . ."

It argued that, since the insurer had now accepted the plaintiff's claim for compensation, and since under G. L. c. 152, § 24, the statutory provisions for compensation are exclusive, the plaintiff's action must be dismissed — the court lacked subject matter jurisdiction. The judge, after hearing, adopted the defendant's arguments and dismissed the action in July, 1990, giving the reasons set forth in the margin.[8] He regarded dismissal as mandatory.

1. *Dismissal not a proper remedy.* Contrary to the defendant's contention,[9] Mass.R.Civ.P. 12(h)(3) does not apply, and the judge incorrectly termed his judgment as one of dismissal. Since final judgment had entered, and no appeal had been taken,[10] the only appropriate vehicle for consideration of the defendant's claim of lack of subject matter jurisdiction was Mass.R.Civ.P. 60(b)(4) ("void judgment"). See *Marin v. University of P.R.*, 377 F. Supp. 613, 631 (D. P.R. 1974); 5A Wright & Miller, Federal Practice and Procedure § 1350, at 200-202 (2d ed. 1990). We, therefore, review the action of the judge under that rule.

---

[8]The judge stated: "The problem of coverage was finally resolved, and the American Policyholders Insurance Company [insurer] wrote to plaintiff's counsel and notified him on March 1[3], 1990 that it was willing to place the plaintiff on 'open agreements for his work related injury of January 8, 1987, on benefits at the applicable rate at that time'. . . . In other words, Mr. O'Dea's case was being accepted as a compensable injury under G. L. c. 152. When this event occurred, the jurisdiction of this court as to assessment of damages under c. 152, sec. 66, was nullified.

"The Court will *allow* the defendant J.A.L.'s motion for *dismissal for lack of subject matter jurisdiction when the agreement for compensation is mailed to the plaintiff Patrick O'Dea*, and it is signed by the insurer. A copy of this Agreement should be mailed to the Court. [Emphasis in original.]

"If the Plaintiff does not sign the agreement for compensation, this Court *must* dismiss this matter because it does not have subject matter jurisdiction. I find that the delay in acceptance of this claim was primarily due to clerical errors, not due to any misfeasance on the part of any of the defendants." (Emphasis supplied.)

[9]This contention was also made by the third-party defendants, the defendant's insurance broker and its employee.

[10]Although the defendant had filed an appeal, it withdrew it on March 15, 1990.

2. *The plaintiff's tort action is not barred.* The defendant argues lack of subject matter jurisdiction on the basis of the exclusive statutory remedies of the employee under G. L. c. 152. First, it urges that the plaintiff's injuries were covered by workers' compensation because the insurer, in March, 1990, accepted his claim. Moreover, even if the plaintiff was not covered by the defendant's policy, it argues that the plaintiff has another exclusive statutory remedy under G. L. c. 152, § 65(2)(*e*), the workers' compensation trust fund, which allows employees to submit claims under the Workers' Compensation Act against uninsured employers.

a. *The uninsured trust fund does not provide an exclusive remedy.* The rules of the Department of Industrial Accidents, 452 Code Mass. Regs. § 3.02 (1986),[11] at all relevant times specifically provided that "[a]n employee of an uninsured employer shall be entitled, without election, to the compensation and other benefits" of the trust fund. "The employee may also proceed to enforce the liability of an uninsured employer under M.G.L. c. 152, §§ 66 and 67." See also Locke, Massachusetts Workers' Compensation Reform Act § 13.1, at 170 (Supp. 1990). Thus, contrary to the defendant's contention, an uninsured employee is not limited to a claim under G. L. c. 152, § 65(2)(*e*).

b. *Belated acceptance of the claim does not remove jurisdiction.* The defendant's challenge to subject matter jurisdiction based on the belated acceptance of the claim by the defendant's carrier also fails. A court is not ousted of jurisdiction by subsequent events — jurisdiction once attached is not impaired by what happens later. Thus, in a diversity case where, after the plaintiff died, his representative was substituted, Federal jurisdiction was not defective although, because of the representative's domicil, there was no longer diversity of citizenship. *Smith* v. *Sperling*, 354 U.S. 91, 93 n.1 (1957). In that case, the Supreme Court quoted Chief Justice Marshall in *Mollan* v. *Torrance*, 22 U.S. (9

---

[11]The current regulation, although in slightly different form, is to the same effect. 452 Code Mass. Regs. § 3.05 (1990).

Wheat.) 537, 539 (1824): "It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." See also *Dunn v. Clarke*, 33 U.S. (8 Pet.) 1, 3 (1834); *Lugo-Vina v. Pueblo Intl., Inc.*, 574 F.2d 41, 42 n.1 (1st Cir. 1978).

While the cases previously cited do not address what happens where it is subsequently shown that the facts were not as assumed at the time the action was brought, we think the facts known at the time of the bringing of the action should govern, at least in a workers' compensation case. The purpose of the statute providing mandatory insurance coverage for most employers is to make sure "that financial assistance is readily and speedily available to their injured employees." *Brown v. Leighton*, 385 Mass. 757, 761 (1982). This purpose strongly suggests that the remedy be immediate and not subject to delayed decisions by employers or their insurers. Cf. *Frost v. David C. Wells Ins. Agency, Inc.*, 14 Mass. App. Ct. 305, 307 (1982).

Because of the disclaimer of coverage, the plaintiff was unable to obtain workers' compensation as an employee of an insured employer. He properly proceeded under G. L. c. 152, §§ 66 & 67. The postjudgment determination by the insurer in March, 1990, more than three years after the accident, that its cancellation was legally ineffective, or that it would be cheaper or for other reasons advisable to accept the plaintiff's claim, does not retroactively render the judgment void.

3. *Purpose of rule 60(b)(4).* Our decision is also buttressed by the scope of rule 60(b)(4) relief. "Properly applied," the rule "strikes a balance between serving the ends of justice and preserving the finality of judgments" and "may not be used as a substitute for a timely appeal."[12] *Harris v. San-*

---

[12]The insurer points to authorities designating a rule 60(b)(4) motion as a direct, rather than a collateral, attack. E.g., *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985); 7 Moore & Lucas, Moore's Federal Practice § 60.41, at 60-414 (2d ed. 1990); but contrast *id.* § 60.25(2), at 60-229 to 60-236, where the authors appear to use the term "collateral attack" in connection with rule 60(b)(4). The insurer argues from this designation that the rules of finality and res judicata do not apply. While *Watts v.*

*nella,* 400 Mass. 392, 395 (1987), quoting from *Nemaizer* v. *Baker,* 793 F.2d 58, 61 (2d Cir. 1986). In other words, although a judgment is subject to dismissal *on appeal* for lack of jurisdiction even if not argued by the parties, see *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.,* 383 Mass. 619, 622 (1981), the same judgment may be immune to attack under rule 60(b)(4).

In the interest of finality, the concept of void judgments is narrowly construed. *Lubben* v. *Selective Serv. Sys.,* 453 F.2d 645, 649 (1st Cir. 1972). 7 Moore & Lucas, Moore's Federal Practice § 60.25(2), at 60-225 (2d ed. 1990). A void judgment, that is, a "total want of jurisdiction[,] must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void." *Harris* v. *Sannella,* 400 Mass. at 395, quoting from *Lubben* v. *Selective Serv. Sys., supra.*

Examples of errors that are so significant as to render a judgment void are those where there is a lack of jurisdiction over the person or over the res, or a failure of notice. See *Noble* v. *Union River Logging R.R.,* 147 U.S. 165, 173-174 (1893), giving examples, and contrasting facts which are "strictly jurisdictional" and without which a judgment is void, and facts which are "quasi jurisdictional" which are "necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly al-

---

*Pinckney, supra,* lends support to this view (although the conclusion was not necessary to the result and was not concurred in by all members of the panel, see Norris, J., concurring, at 410), many cases use the term "collateral attack" to cover any challenge (including a rule 60[b][4] motion) which is not a direct appeal. E.g., *Lubben* v. *Selective Serv. Sys.,* 453 F.2d 645, 649 (1st Cir. 1972); *Marshall* v. *Board of Educ.,* 575 F.2d 417, 423 (3d Cir. 1978), quoting from *Chicot County Drainage Dist.* v. *Baxter State Bank,* 308 U.S. 371, 376 (1940); *Nemaizer* v. *Baker,* 793 F.2d 58, 65 (2d Cir. 1986). In any event, whatever the terminology, in Massachusetts the principles of finality are important in granting rule 60(b)(4) relief. *Harris* v. *Sannella,* 400 Mass. 392, 395 (1987). See also Restatement (Second) of Judgments § 12 comment d (1980), setting forth the policy arguments for finality where subject matter jurisdiction is attacked.

leged and established to the satisfaction of the court, cannot be attacked collaterally." See also 7 Moore & Lucas, Moore's Federal Practice § 60.25(2), at 60-232.

We turn to the category of errors considered not to be of a sufficient seriousness as to amount to a total want of jurisdiction but which would be subject to reversal on direct appeal. Examples are the erroneous assumption of diversity jurisdiction, see *Honneus* v. *Donovan*, 691 F.2d 1, 2-3 (1st Cir. 1982), the improper removal to a Federal court, see *Nemaizer* v. *Baker*, 793 F.2d at 64, and what is more germane to the present case, an error in interpreting a statutory grant of jurisdiction, see *Kansas City S. Ry.* v. *Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.), cert. denied, 449 U.S. 955 (1980); *Jones* v. *Giles*, 741 F.2d 245, 248 (9th Cir. 1984). See also *Harris* v. *Sannella*, 400 Mass. at 394, where a wife sought under Mass.R.Dom.Rel.P. 60(b)(4) to vacate a judgment claiming that the judge lacked subject matter jurisdiction to modify an equitable division of marital assets ordered pursuant to a judgment of divorce. What was said in *Harris* applies equally here: "[T]here can be no serious argument that the probate [in this case the Superior Court] judge 'usurped jurisdiction' in the sense that there is 'no arguable basis on which [he] could have rested a finding that [he] had jurisdiction.'" *Harris*, *supra* at 396, quoting from *Nemaizer* v. *Baker*, 793 F.2d at 65.

Thus, even if the employee had been covered by workers' compensation at the commencement of the suit, the postjudgment dismissal of the action was unauthorized.[13] Accordingly, the order granting relief under rule 60(b)(4) is reversed, and the original judgment of July 20, 1989, is to stand.

*So ordered.*

---

[13]Contrary to the assertions made by the insurer, a judgment is either valid or void, and whether a party is entitled to relief under rule 60(b)(4) is not a matter of discretion. *Honneus* v. *Donovan*, 691 F.2d at 2. 11 Wright & Miller, Federal Practice & Procedure § 2862, at 197 (1973 & Supp. 1990), and cases cited. The judge correctly recognized this rule. See note 8, *supra*.