Smith, J.
Plaintiffs John and Maria Nunes brought this tort action for injuries suffered by John Nunes while employed by defendant M.R.S. Construction, Inc. Count II of plaintiffs’ complaint seeks recovery against the defendants, Jose F. Silva, Joao H. Morías and Manual C. Raposa, individually as officers of M.R.S. Construction, for their negligent failure to provide workers’ compensation insurance to John Nunes. The defendants have moved for summary judgment on Count II, claiming a lump-sum payment plaintiffs received from the Workers’ Compensation Trust Fund under G.L.c. 152 precludes further recovery from individual defendants. For the reasons set forth below, defendants’ motion is allowed.
DISCUSSION
Plaintiffs and defendants agree that a corporate officer may be individually liable for his or her negligent failure to obtain workers’ compensation insurance for an employee. LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21 (1979). The parties also agree that under LaClair, a plaintiffs recovery from individual defendants is limited to the amount that could have been recovered under G.L.c. 152, the worker’s compensation statute, had workers’ compensation insurance indeed been provided by an employer. Id. at 30. However, plaintiffs argue that the LaClair principle should not operate to limit recovery in this case.
It is also undisputed that in November 1995, plaintiffs accepted a lump sum payment of $55,000 from the Workers’ Compensation Trust Fund (hereinafter “the Fund”). Defendants claim that this constituted a release of all claims against the Fund and that under LaClair, plaintiffs cannot seek further recovery from the individual defendants.
Summary judgment is proper in the instant case under LaClair. This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Here, defendants have met their burden of establishing the absence of a triable issue.
The critical fact in the summary judgment record is that plaintiffs received a lump sum payment from the Fund. Defendants assert this lump sum was in settlement of plaintiffs’ claims against the Fund under G.L.c. 152, and have furnished a supporting affidavit *159 and an administrative judge’s memorandum of decision. Plaintiff, by contrast, has failed to provide materials indicating this was not a final settlement or that plaintiffs have any continuing claim against the Fund.
Since the summary judgment record establishes that plaintiffs have indeed recovered from the Fund to the extent possible, LaClair is directly on point and serves to preclude further recovery from the individual defendants. LaClair, while holding that individual corporate defendants may be liable for a negligent failure to attain workers’ compensation insurance, also carefully limited that principle. That limitation applies here.
ORDER
It is therefore ORDERED that defendants’ motion for summary judgment on Count II be ALLOWED.