Wernick, J.
This action is brought by Robert Beausoleil (“Beausoleil”), a former employee of the defendant P&M Concrete, Inc. (“P&M”). On February 10, 1992, plaintiff suffered work-related injuries. Plaintiff thereafter filed a claim for workers’ compensation benefits. The plaintiffs claim, however, was not covered under P&M’s workers’ compensation policy because the policy had been cancelled by third-parly defendant Liberty Mutual Insurance Company for failure to pay overdue premiums. The plaintiff filed this action against the defendant P&M Concrete and Paul Lamontagne (“Lamontagne”), President of P&M, for failure to provide workers’ compensation coverage as required by M.G.L.c. 152. The defendants move for summary judgment on the grounds that the plaintiffs claims are barred because the plaintiff accepted a $20,000 lump sum settlement from the Workers Compensation Trust Fund (“Fund”). The defendants claim that this constituted a release of all claims against the Fund and that the plaintiff cannot seek further recovery from the defendants. For the reasons set forth below, the defendants’ motions for summary judgment are DENIED.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974).
It is well settled that a corporate officer may be individually liable for his or her negligent failure to obtain workers’ compensation insurance for an employee. LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21 (1979). Under LaClair, a plaintiff s recovery from an individual defendant is limited to the amount that could have been recovered under G.L.c. 152, the workers’ compensation statute had workers’ compensation insurance been provided by the employer. Lamontagne claims that the lump-sum payment from the Workers’ Compensation Trust Fund constituted a release of all claims and that, under LaClair, plaintiff is barred from seeking further recovery.
Indeed, had there been an unambiguous agreement for redeeming liability by lump-sum settlement, Lamontagne would be entitled to summary judgment on the plaintiffs claims. However, in this case, the settlement agreement does not clearly reflect that the lump-sum payment was intended to be a final settlement of all claims. The settlement agreement purports to be a final settlement with respect to three particular categories of benefits: (1) all reasonable and related medical bills outstanding as of the date of settlement; (2) all weekly payments; and (3) all loss of function benefits. The agreement, furthermore, explicitly states that is does not “redeem liability for the payment of medical benefits or vocational rehabilitation benefits.” There is an issue of fact, therefore, as to whether the agreement was intended to be a full and final settlement of any other damages available or potentially available under the statute. Since the summary judgment fails to establish that the plaintiff has settled in full with the fund, LaClair does not necessarily preclude all further recovery from Lamontagne. Cf. Nunes *553 v. M.R.S. Construction, Inc., Middlesex Civil No. 954697, 6 Mass. L. Rptr. 158 (September 10, 1996) (Smith, J.). There may be categories of damages sustained by plaintiff which were not compromised by the settlement agreement. As to any such damages, the motion must be denied.
The defendant P&M also moves for summary judgment on the grounds that the lump-sum settlement agreement bars the plaintiff from seeking additional damages against P&M. However, while the LaClair decision limits damages against individual defendants, the opinion explicitly states that corporate employers “may be sued in a civil action for the full scope of tort damages . . .” LaClair, 379 Mass. at 26 (emphasis added); O’Dea v. J.A.L, Inc.; American Policy Holders Insurance Company, 30 Mass.App.Ct. 449, 453 (1991) (The Workers Compensation Trust Fund, G.L.c. 152, §65(2)(e), did not provide an exclusive remedy to an employee whose employer failed to maintain required workers’ compensation insurance). Accordingly, the lump-sum settlement agreement has no effect on the plaintiffs claims against P&M. The plaintiff is not limited to a claim under G.L.c. 152, §65(2)(e) and may proceed to enforce the liability of an uninsured employer under §§66 and 67. See O’Dea, 30 Mass.App.Ct. at 453 (citing 452 Code Mass. Regs. §3.05 (1990).
ORDER
For the foregoing reasons it is ORDERED that the defendants’ motions for summary judgment be DENIED.