Giles, J.
Introduction
In this action, the plaintiffs, Jason Giller (“Jason”) and his wife, Rhoda Giller (collectively, “plaintiffs”), have sued the defendants, Panda Palace, Inc. (“Panda Palace”), and its president, Fred Lin (“Lin”) (collectively, “defendants”), for failing to carry workers’ compensation insurance or to qualify as a self-insurer pursuant to General Laws Chapter 152 and for resulting loss of consortium. Asserting that this court lacks subject matter jurisdiction, the defendants have moved for summary judgment, which motion the plaintiffs oppose.
Findings
On September 24, 1999, Jason was struck by a motor vehicle in Medford, Massachusetts. Both in his complaint and his affidavit in opposition to this motion, Jason attests that, at the time the accident, he was in the course of his employment with Panda Palace. He claims, however, that Lin told him that Panda Palace did not have workers’ compensation insurance coverage for him. On November 4, 1999, the plaintiffs filed this complaint.
The defendants maintain that, at the time of Jason’s accident, an applicable workers’ compensation policy with Travelers Insurance Company (“Travelers”) was in full force and effect. A claim regarding Jason’s injuries was submitted to Travelers on November 16, 1999. On November 29, 1999, the claim was denied by Travelers on Industrial Accident Board Form #104 (“Insurer’s Notification of Denial”) for several alleged reasons: no evidence that Jason was an employee of Panda Palace or was injured as an employee in the course of his employment, and no evidence to support a causal relationship between his injuries and a work-related injury as an employee of Panda Palace. The plaintiffs admit that Travelers “has denied coverage” for Jason. An appeal of this denial was not pursued by any party in the Industrial Accident Board, and there is no relevant case pending before it.
Discussion
If an employer maintains workers’ compensation insurance or qualifies as a self-insurer, the Workers’ Compensation Act (“Act”) provides an exclusive remedy for any employee personally injured out of and in the course of his/her employment. See G.L.c. 152, sec. 23-24; Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980). If not, the employer can be sued in tort by the employee for the employer’s failure to carry such insurance or become a self-insurer. See G.L.c. 152, sec. 66-67; LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21, 26 (1979); Thorson v. Mandell, 402 Mass. 744, 746 (1988).
If the employer maintains workers’ compensation insurance (or is a self-insurer) and the injuries Eire compensable under the Act, then this court lacks subject matter jurisdiction over the plaintiffs’ instant action in tort. See O’Dea v. J.A.L., Inc.; American Policyholders Insurance Company, 30 Mass.App.Ct. 449, 453-54 (1991). Nevertheless, relying on O’Dea, the plaintiffs argue that this court’s jurisdiction has been properly invoked because Lin’s alleged statement that the defendants had no workers’ compensation insurance effectively “denied [Jason] coverage,” thereby allowing the plaintiffs to proceed at common law.
The O’Dea holding applies to cases in which the employer was uninsured at the time the action arose. See id. Thus, in order to establish jurisdiction in this court and defeat summary judgment, the plaintiffs must have a reasonable expectation of proving that Panda Palace was uninsured on September 24, 1999, an essential element of their claim. See Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 716 (1991). This court finds that the plaintiffs cannot meet that burden. It is uncontroverted that Travelers was the defendants’ workers’ compensation carrier at the time of Jason’s accident and that it processed a claim relative to his injuries incurred on September 24, 1999. The plaintiffs have offered no proof that the admitted policy was not in full force and effect at all pertinent times. Therefore, they have no reasonable expectation of proving at trial the nonexistence of an available workers’ compensation policy, notwithstanding Lin’s alleged statement.
The plaintiffs appear to misconstrue Travelers’ statement in its Insurer’s Notification of Denial, “(t]he claimant was not an employee of the er [sic], therefore WC [workers’ compensation] coverage does not exist," as a denial of the existence of a valid insurance policy. The denial of coverage is not the same as the failure to provide coverage. Indeed, in so investigating and denying Jason’s claim, Travelers was confirming its status as an insurer obligated under the Act to deter *490 mine any grounds and basis for compensability. See G.L.c. 152, sec. 7(1).
Conclusion
For all the foregoing reasons, the motion for summary judgment of the defendants, Panda Palace, Inc., and Fred Lin, is hereby ALLOWED.