THOMAS McCRACKEN *vs.* SEARS, ROEBUCK & COMPANY.

No. 98-P-102.

Suffolk. September 13, 1999. - March 19, 2001.

Present: PERRETTA, GREENBERG, & LENK, JJ.

*Workers' Compensation Act,* Jurisdiction of court. *Superior Court,* Jurisdiction. *Estoppel. Jurisdiction,* Superior Court.

The Superior Court was without jurisdiction to consider a workers' compensation claim against a "statutory employer" brought under the provisions of G. L. c. 152, § 18, where the employer conceded its liability: the Department of Industrial Accidents had exclusive jurisdiction over the claim. [187-189]

CIVIL ACTION commenced in the Superior Court Department on July 20, 1987.

Following review by this court, 38 Mass. App. Ct. 1119 (1995), a motion to dismiss was heard by *Charles F. Barrett,* J., and entry of judgment was ordered by *Patrick J. King,* J.

*Christine M. Netski* (*David A. Barry* with her) for the defendant.

*James R. Rosencranz* for the plaintiff.

PERRETTA, J. On July 18, 1984, Thomas McCracken was seriously injured when he fell from a roof while working for John R. Silva who, pursuant to a contract with Sears, Roebuck & Company (Sears), was installing roofing materials that Sears had sold to the owner of the premises where the accident occurred. Silva and Sears claimed that they did not have workers' compensation insurance for McCracken, who brought an action in the Superior Court, seeking tort damages under G. L. c. 152, §§ 66 & 67.[1] However, on the first morning of trial, McCracken amended his claim against Sears to allege that it

---

[1]Sections 66 and 67 impose strict tort liability on employers who are required to carry workers' compensation insurance for their employees but fail

was liable to him as a "statutory employer" under G. L. c. 152, § 18. See note 5, *infra*. The jury awarded McCracken $90,000 on his claim for damages against Silva and found in Sears' favor on the claim against it. McCracken appealed,[2] claiming error in the jury instructions. In an unpublished memorandum of decision, *McCracken* v. *Sears, Roebuck & Co.*, 38 Mass. App. Ct. 1119 (1995), we reversed the judgment and remanded the matter for a new trial. On remand, Sears admitted its liability to McCracken under § 18 and moved to dismiss his action for want of subject matter jurisdiction, see Mass.R.Civ.P. 12(b)(1), 365 Mass. 755 (1974), arguing that the Department of Industrial Accidents (department) has exclusive jurisdiction over all claims for compensation benefits. A second Superior Court judge (the remand judge) ruled that Sears was estopped from contesting the court's jurisdiction and denied the motion.[3] Sears appeals, and we reverse the judgment.[4]

1. *Procedural history of the case.* There is no dispute about the facts that McCracken was seriously injured while working for Silva who was performing work pursuant to a contract with Sears and that, very shortly thereafter, Silva informed McCracken that he (Silva) did not have workers' compensation insurance. Consequently, McCracken did not file a claim for benefits with the department. Instead, on July 20, 1987, he commenced suit in the Superior Court (see note 1, *supra*) against Silva and Sears under G. L. c. 152, §§ 66 & 67.

In its responsive pleadings to McCracken's complaint as well as in its various memoranda of law submitted prior to trial, Sears denied being McCracken's employer, denied that it was

---

to do so. See *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 450 (1991), and cases therein cited.

[2]Silva did not appeal, and the judgment against him has not been satisfied. The only issue on McCracken's appeal concerned the trial judge's jury instructions on Sears' liability under § 18.

[3]The remand judge also concluded that Sears' obligation to McCracken under § 18 was limited to compensation benefits, the amount of which was determined by a third Superior Court judge.

[4]McCracken also filed a notice of appeal from the judgment. However, a fourth Superior Court judge dismissed his appeal on the basis of his failure to effect timely docketing. See Mass.R.A.P. 10(a) & (c), as amended, 378 Mass. 937-938 (1979). Because McCracken took no appeal from that order of dismissal, we do not consider the arguments he raises as a "cross-appellant."

required to provide him with workers' compensation coverage, and, along with Silva, stipulated that it did not have "workmen's compensation insurance concerning [McCracken]."

As earlier noted, on the morning of the first day of trial, Mc-Cracken was allowed to change the basis of his claim against Sears from § 66 to § 18. That section provides that a contractor (such as Sears) will be held responsible as a "statutory employer" for the workers' compensation coverage of employees of an uninsured subcontractor (such as Silva) who has agreed to do work for the contractor when those employees are injured while on the job. See generally Locke, Workmen's Compensation §§ 152-155, 663-665 (2d ed. 1981).[5]

Sears opposed McCracken's pursuit of a new theory of liability, on the sole basis of prejudice. The trial judge reserved decision on the matter but ultimately put the § 18 claim to the jury on special questions and instructions, later found by us to be erroneous.

Represented by new counsel on remand, Sears changed tack and conceded its liability as McCracken's "statutory employer" under § 18. Based upon its concession, Sears moved to dismiss McCracken's action against it, arguing that the department had exclusive jurisdiction over claims for compensation benefits made under § 18.[6]

---

[5]More specifically, § 18, as amended through St. 1969, c. 755, § 2, reads, in relevant part: "If an insured person enters into a contract . . . with an independent contractor to do such person's work, or if such a contractor enters into a contract with a sub-contractor to do all or any part of the work comprised in such contract with the insured, and the insurer would, if such work were executed by employees immediately employed by the insured, be liable to pay compensation under this chapter to those employees, the insurer shall pay to such employees any compensation which would be payable to them under this chapter if the independent or sub-contractors were insured persons . . . ."

[6]In moving to dismiss the action on jurisdictional grounds, Sears also claimed the right, in the event it prevailed on the motion and McCracken filed a claim for benefits, to assert before the department the one-year statute of limitation in effect at the time of McCracken's injury. See G. L. c. 152, § 41, as appearing in St. 1965, c. 487, § 1. Sears' defense against such a claim is not, however, absolute and will depend upon facts which were not in issue in the Superior Court proceedings and, therefore, are not all reflected in the record before us. See, e.g., *Swasey's Case*, 8 Mass. App. Ct. 489, 495-496 (1979); G. L. c. 152, §§ 44 & 49.

2. *Jurisdiction of the Superior Court.* Until the first morning of trial, the Superior Court had jurisdiction over McCracken's action in tort for damages brought against Silva and Sears under G. L. c. 152, §§ 66 & 67. However, as correctly determined by the remand judge in his memorandum of decision on Sears' motion to dismiss:

> "It was McCracken who took the § 66 argument out of the case against Sears on the eve of the first trial, and pursued the [§] 18 argument through that trial and up to the Appeals Court. The only issue addressed by the Appeals Court in its decision [38 Mass. App. Ct. 1119] was the first trial judge's interpretation of [§] 18 in her special questions to the jury. The only issue to be addressed on remand was 'Sears's § 18 liability.' "

In ruling on Sears' motion to dismiss, the remand judge was very aware of the fact that the Superior Court's jurisdiction over claims for compensation benefits was limited to enforcement of the department's orders. See *HDH Corp.* v. *Atlantic Charter Ins. Co.*, 425 Mass. 433, 437 & n.8 (1997), citing *Neff* v. *Commissioner of the Dept. of Industrial Accs.*, 421 Mass. 70, 74 (1995). See also G. L. c. 152, § 10. He concluded, however, that Sears was estopped from arguing that, because it was a "statutory employer," the Superior Court lacked jurisdiction over McCracken's claim for benefits. His reasons were:

> "The case file that has accumulated over the past nine years is replete with references indicating that Sears denied it had workers' compensation insurance covering McCracken. In fact, at the first trial, the parties stipulated that Silva and Sears did not provide workers' compensation coverage to McCracken. Based upon those facts, it seems evident that when McCracken brought the instant tort action in 1987, Sears represented that it did not have workers' compensation coverage.

> "Relying upon those representations, McCracken followed the proper course by filing a tort action against both Silva and Sears. In fact, it was not until after the appeal, that Sears devised this unique jurisdictional issue as a way to dismiss the action. To allow Sears to change its position

twelve years after the accident, and after a full trial and appeal, would be inequitable and result in harsh consequences to McCracken. As such, this court concludes that the [department] does not have exclusive jurisdiction over this particular set of facts and that subject-matter jurisdiction lies with the Superior Court."

3. *Estoppel.* Although we share the concerns of the remand judge, we must nonetheless conclude that Sears' motion to dismiss should have been allowed. It is a well-established principle of law that a court cannot acquire subject matter jurisdiction by estoppel. See *Litton Bus. Sys.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981) ("Subject matter jurisdiction cannot be conferred by consent, conduct or waiver"), and cases therein cited; Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974) ("Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action" [emphasis supplied]). See also Wright & Miller, 5A Federal Practice and Procedure § 1393, at 764-766 (2d ed. 1990).

McCracken argues that, even if subject matter jurisdiction cannot be conferred by estoppel, the remand judge's refusal to dismiss the action was correct under *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449 (1991), which he construes as carving out an exception in cases involving workers' compensation claims in circumstances that he thinks identical to his own. There are, however, critical differences between *O'Dea* and the present case.

In *O'Dea*, the employee obtained a final judgment against his employer for damages under G. L. c. 152, §§ 66 & 67, on the basis that the employer had failed to maintain workers' compensation insurance. At the time the action was brought, the parties believed that the employer lacked insurance because its insurer had concluded that the policy had lapsed. Thereafter, the employer brought a motion under Mass.R.Civ.P. 60(b)(4), 365 Mass. 829 (1974), claiming that its policy in fact had not lapsed and that the judgment was, therefore, void for want of subject matter jurisdiction. After the employer's insurer was added on an amended third-party complaint, the insurer "suggested" that it may have given the employer improper notice of the cancella-

tion of the policy and offered to accept the employee's claim. *O'Dea*, 30 Mass. App. Ct. at 451 & n.7. On the facts presented, the Superior Court judge concluded that dismissal was mandatory, and the employee appealed.

In reversing the order granting relief, we concluded that the insurer's belated acceptance of the claim did not oust the Superior Court of jurisdiction ("[J]urisdiction once attached is not impaired by what happens later," *O'Dea*, 30 Mass. App. Ct. at 453, and the "facts known at the time of the bringing of the action should govern, at least in a workers' compensation case," *id.* at 454). We also found support for our conclusion in the narrow construction given the concept of a void judgment under rule 60(b)(4):

> "In the interest of finality, the concept of void judgments is narrowly construed. *Lubben* v. *Selective Serv. Sys.*, 453 F.2d 645, 649 (1st Cir. 1972). 7 Moore & Lucas, Moore's Federal Practice § 60.25(2), at 60-225 (2d ed. 1990). A void judgment, that is, a 'total want of jurisdiction[,] must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.' *Harris* v. *Sannella*, 400 Mass. [392,] 395 [1987], quoting from *Lubben* v. *Selective Serv. Sys.*, *supra*." *O'Dea*, 30 Mass. App. Ct. at 455.

We do not think *O'Dea* controlling for two reasons. First, it was McCracken's theory of liability and not the underlying facts that changed. Second, because Sears brought its motion to dismiss under rule 12(b)(1) prior to the entry of a final judgment (see *Bagley* v. *Illyrian Gardens, Inc.*, 28 Mass. App. Ct. 127, 130-131 [1989]), the "void-voidable" analysis applicable to jurisdictional challenges brought under rule 60(b)(4) is here inapplicable.[7] See *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. at 454-456.

---

[7] Our conclusion that the Superior Court lacked jurisdiction over McCracken's claim for benefits under § 18 makes it unnecessary for us to consider Sears' additional argument that, because McCracken's arm was disfigured rather than amputated, the third Superior Court judge (see note 3, *supra*) abused his discretion in determining the amount of benefits due him.

4. *Conclusion.* The judgment is reversed, and the matter is remanded to the Superior Court for entry of a judgment of dismissal pursuant to Mass.R.Civ.P. 12(b)(1).

*So ordered.*