LEONARD KNISKERN vs. KEVIN MELKONIAN.[1]

No. 06-P-552.

Middlesex. January 9, 2007. - March 13, 2007.

Present: KAFKER, BROWN, & GREEN, JJ.

*Workers' Compensation Act,* Exclusivity provision. *Judgment,* Default, Relief from judgment. *Practice, Civil,* Relief from judgment.

Discussion of G. L. c. 152, § 23, the exclusivity provision of the workers' compensation act, which precludes suit against an insured employer for the same injury for which an employee received workers' compensation. [465-466]

In a tort action arising from a work-related injury for which the plaintiff negotiated a workers' compensation lump sum settlement agreement, the judge did not abuse his discretion in allowing the motion of the defendant (the employer in the workers' compensation case) to vacate a default judgment in favor of the plaintiff, where the defendant had a meritorious defense under the exclusivity provision of the workers' compensation act, G. L. c. 152, § 23; the substantial rights of the parties were affected; and extraordinary circumstances involving the appropriate application of the exclusivity provision were present [466-467]; further, a second judge properly granted summary judgment in favor of the defendant, where the lump sum was the exclusive remedy for the plaintiff's injury [467].

CIVIL ACTION commenced in the Superior Court Department on June 26, 2001.

A motion to vacate judgment was heard by *Julian T. Houston,* J., and entry of summary judgment was ordered by *Herman J. Smith, Jr.,* J.

*J. Michael Conley* for the plaintiff.
*Michael L. Mahoney* for the defendant.

KAFKER, J. The issues presented in the instant case concern the scope of G. L. c. 152, § 23, the exclusivity provision in the Workers' Compensation Act (Act). After injuring his shoulder, the plaintiff, Leonard Kniskern, negotiated a workers' compensa-

[1]Doing business as M & M Contractors.

tion lump sum settlement agreement. The agreement included language that purported to reserve his right to pursue a pending tort claim against the same insured party for the same injury. When the defendant, Kevin Melkonian, doing business as M & M Contractors (Melkonian) — the employer in the workers' compensation case — did not file an answer in the tort case, a default judgment was entered against him. A Superior Court judge subsequently allowed Melkonian's motion pursuant to Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974), to vacate the judgment based on the exclusivity provision of the Act, and another judge entered summary judgment for Melkonian. Kniskern appeals, contending that he should be allowed to recover both his lump sum settlement and his default judgment. We affirm the allowance of the rule 60(b)(6) motion and the subsequent award of summary judgment based on the exclusivity provision.

*Background.* On February 1, 2001, Kniskern went to Plywood Plus, a lumber yard owned and operated by Toohey's Lumber Center, Inc. He had gone to Plywood Plus at Melkonian's request to pick up some large windows for a house that Melkonian was building. As he was lifting a window, Kniskern slipped and fell on the ice in the parking lot and the window fell on him, fracturing his shoulder. There was no documentation regarding Kniskern's status — either as an employee or an independent contractor. He had just begun working for Melkonian.[2]

Thereafter, Kniskern filed a workers' compensation claim against Melkonian. Melkonian's workers' compensation insurer originally rejected Kniskern's claim, contending he was an independent contractor.

Meanwhile, on June 26, 2001, Kniskern filed a personal injury complaint in Superior Court against Toohey's Lumber Center. After Melkonian's insurer rejected Kniskern's workers' compensation claim, Kniskern amended the complaint to add Melkonian as a defendant, alleging that Melkonian was negligent in "directing and requiring [Kniskern] to work" in the icy conditions at Toohey's Lumber Center. It alleged that "[o]n information and belief, [Melkonian] claims that [Kniskern] was

---

[2]In his deposition in the tort action, Melkonian stated that Kniskern was merely doing him a favor by picking up the windows.

an independent contractor and not an employee." Melkonian did not answer the amended complaint.

On July 26, 2002, counsel agreed to continue a hearing at the Department of Industrial Accidents (DIA) until November 7, 2002. According to counsel for Kniskern, "[t]he reason for the continuance, primarily, is that the issue of employee/independent contractor is likely to be otherwise decided in pending tort litigation. The parties reasonably expect this issue to be resolved by said litigation, or by settlement at the DIA, prior to 11/7/02."

On November 7, 2002, the parties entered into an agreement for redeeming liability by lump sum pursuant to G. L. c. 152, § 48. Kniskern accepted a lump sum payment of $8,500 for the injury occurring on February 1, 2001. The lump sum settlement form states: "Please give a brief history of the case and indicate why the settlement is in the employee's best interest." In response, the parties wrote: "The claimant alleged he was employed by [Melkonian] when he fell and injured his right shoulder off premises. The employer denies the claimant was an employee, and insists instead he was an independent contractor. The employee has worked since the accident and received medical care. The employee is pursuing a tort claim at present, and the parties agree that as this is a no-liability settlement,[3] the insurer has no section 15 rights as against that suit. Both parties wish to avoid the litigation off [sic] all issues necessary to the potential maintenance of this claim at the DIA. This agreement shall not bar any party from advancing any claim or defense against one another as a result of the injuries sustained by the claimant on or about 2-1-01. Both parties agree this is a fair settlement and request board approval. By consenting to this settlement, the employer agrees to abide by its terms."

On November 22, 2002, default was entered against Melkonian for failure to answer the amended complaint filed in Superior Court. In May, 2004, Kniskern settled his claim against Toohey's Lumber Center for $42,500. On June 2, 2004, Kniskern moved for an assessment of damages. In September, 2004, Melkonian moved to remove the default, claiming that he had

[3]A "no-liability" settlement is a settlement entered into "prior to the establishment of liability." G. L. c. 152, § 48(2).

"incorrectly" assumed that the matter was resolved when the workers' compensation claim settled. The motion was denied on the grounds that Melkonian failed to establish good cause for his failure to file a timely responsive pleading and his reasons for failing to plead were "patently false."[4] Melkonian then filed a motion for reconsideration, arguing that the court lacked subject matter jurisdiction to hear the claim due to the exclusivity provision. The same judge denied this motion, ruling that it was "not at all clear that the jurisdiction issue favors [Melkonian]."

In February, 2005, Melkonian and Kniskern entered into a "stipulation on assessment of damages," in which they agreed that "Kniskern's gross compensatory damages total $85,000." In March, 2005, a judgment by default upon assessment of damages was entered pursuant to Mass.R.Civ.P. 55(b)(2), as amended, 423 Mass. 1402 (1996). Melkonian immediately filed a motion to set aside the default judgment pursuant to Mass.R. Civ.P. 59(e), 365 Mass. 827 (1974), and rule 60(b)(6), relying on the exclusivity provision of the Act.

The rule 60(b)(6) motion was allowed by a different judge on the ground that Kniskern "would recover twice against the same defendant for the same injury though such a result is expressly prohibited by G. L. c. 152, § 23."[5] The judge reasoned that "[s]uch a result seriously undermines the exclusivity provision which the Supreme Judicial Court describes as 'the cornerstone of the Worker's Compensation Act.' " Thus, the judge concluded, "Despite Melkonian's 'patently false' reasons for not responding to the complaint, the interests of justice demand the judgment be set aside."

Thereafter, both parties filed for summary judgment. A third Superior Court judge allowed Melkonian's motion for summary judgment based on the exclusivity provision.[6] Kniskern then appealed.

---

[4]Kniskern's counsel deposed Melkonian in November, 2003. He also communicated with Melkonian's counsel in a manner that clearly indicated that he was still pursuing the tort action against Melkonian despite the workers' compensation settlement. Kniskern's counsel in the tort action was different from his counsel in the DIA proceedings.

[5]The judge did not address rule 59(e).

[6]The summary judgment decision also relied on the doctrine of judicial

*Discussion. Effect of exclusivity provision.* The exclusivity provision of G. L. c. 152, § 23, as amended by St. 1985, c. 572, § 34, states:

> "If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the department under sections ten to twelve, . . . such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury."

In the instant case, Kniskern filed a claim and accepted payment of compensation "on account of personal injury under" G. L. c. 152 pursuant to an agreement he entered into under G. L. c. 152, § 48. The exclusivity provision by its express terms applies here, thereby precluding suit against the insured employer for the same injury for which the employee received workers' compensation.

Kniskern contends nevertheless that the exclusivity provision is limited to employees, and that that issue was left unresolved in the lump sum settlement language approved by the DIA. The problem with this argument is that employee status is a condition to recovery of the lump sum settlement under the Act; if Kniskern is an independent contractor, and not an employee, he is outside of the scope of the Act and could not have received a lump sum settlement pursuant to § 48. See Nason, Koziol & Wall, Workers' Compensation § 8.1, at 173 (3d ed. 2003).

As explained by the Supreme Judicial Court, "[t]he exclusivity provision has been the cornerstone of our Workers' Compensation Act. Our exclusivity provision is very broad. The Legislature has had opportunities to narrow its scope, and has not done so. 'Any change in compensation law which would permit a covered employee to recover compensation benefits

---

estoppel. In light of our ruling on the exclusivity provision, we need not reach that issue.

and, in addition, permit litigation by the employee against his employer to recover for an injury clearly covered by the . . . Act is a public policy decision for the Legislature.' " *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652, 656 (1993), *S.C.*, 424 Mass. 144 (1997), quoting from *Longever* v. *Revere Copper & Brass, Inc.*, 381 Mass. 221, 226 (1980). The parties lack the authority by private contract to avoid the exclusivity provision that is central to the statutory scheme.[7] The filing of a claim and acceptance of a lump sum settlement at the DIA precludes tort recovery against the employer for the same injury.

*Motion for relief from judgment.* The question then becomes whether it was an abuse of discretion to allow a rule 60(b)(6) motion to enforce the exclusivity requirement of the Act. As a threshold matter, Melkonian must establish that the grounds asserted for the rule 60(b)(6) motion are not embraced by rule 60(b)(1)-(5). Kniskern argues that Melkonian was essentially seeking relief for excusable neglect covered by rule 60(b)(1). Melkonian, however, could not rely on rule 60(b)(1) because of the prior judicial determination that his proffered reasons for failing to file an answer were "patently false." The judge also did not analyze the motion from that perspective. Instead he relied solely on the exclusivity provision.

"A judge considering a rule 60(b)(6) motion may consider whether the moving party has a meritorious . . . defense[,] . . . whether extraordinary circumstances warrant relief . . . and whether the substantial rights of the parties . . . will be affected by granting the motion" (quotations omitted). *Owens* v. *Mukendi*, 448 Mass. 66, 72 (2006). As explained above, Melkonian has a meritorious defense based on the exclusivity provision. The substantial rights of both parties are also affected, as a

---

[7]We note that the language in the lump sum agreement identified by Kniskern as carving out an exception to the exclusivity provision is ambiguous. After reciting the dispute over whether the claimant is an employee or independent contractor, the agreement then refers to the claimant as an employee multiple times. The tort claim that is purportedly being preserved was not a stand-alone law suit but a claim added to a third-party action. The language in the agreement is vague enough to be read either as Kniskern argues or as simply a reference to the third-party action and perhaps other claims that could not be barred, such as wrongful discharge. See G. L. c. 152, § 48(3). Regardless, any ambiguity in the attempted exception is irrelevant for the reasons stated above.

significant amount of money is at stake. Most importantly, extraordinary circumstances involving the appropriate application of the exclusivity provision are present. The exclusivity provision has been drafted broadly by the Legislature and strictly enforced by the courts to ensure an effective and efficient resolution of worker injury disputes. Its disregard leads to a disorderly resolution of these cases, as evidenced by the numerous and lengthy proceedings required to conclude this matter. See *McCracken* v. *Sears, Roebuck & Co.*, 51 Mass. App. Ct. 184, 187-188 (2001); *Lee* v. *International Data Group*, 55 Mass. App. Ct. 110, 115-116 (2002). Therefore, its evasion by Kniskern, even when facilitated by Melkonian's default (and prior contractual agreement), defeats important statutory purposes and gives rise to the extraordinary circumstances justifying relief under rule 60(b)(6).

*Summary judgment.* Finally, the exclusivity provision compels the award of summary judgment for Melkonian. Once Kniskern filed a claim with the DIA contending that he was an employee of Melkonian, the DIA became the proper forum to determine whether he was entitled to compensation. See *Lee* v. *International Data Group, supra.* Despite the insurer's contention that he was an independent contractor,[8] Kniskern continued to pursue his claim in the DIA and he eventually accepted a lump sum settlement pursuant to G. L. c. 152, § 48. By the express terms of G. L. c. 152, § 23, the lump sum he received was due to his employee status and was his exclusive remedy against the insured employer for this injury.

*Judgment affirmed.*

---

[8]That contention justified Kniskern's amendment of his third-party complaint to include Melkonian as an additional defendant pending the determination of his status at the DIA. If the DIA decided Kniskern was an independent contractor and not an employee, the bar to proceeding in tort would be lifted.