CHERYL D. WENTWORTH, administrator[1] & guardian,[2] vs.
HENRY C. BECKER CUSTOM BUILDING LTD.

No. 08-P-474.

Essex. December 10, 2008. - April 2, 2010.

Present: BERRY, SMITH, & COHEN, JJ.

Further appellate review granted, 458 Mass. 1101 (2010).

*Workers' Compensation Act,* Common employment, Recovery from third
person, Exclusivity provision, Uninsured employer. *Wrongful Death.*
*Release. Words,* "Employee."

A general contractor that pays workers' compensation benefits to an uninsured
subcontractor's employee, pursuant to G. L. c. 152, § 18, is not thereby
released under G. L. c. 152, § 23, from its independent common-law or
wrongful death liability. [509-512]

CIVIL ACTION commenced in the Superior Court Department
on March 17, 2006.

The case was heard by *Thomas R. Murtagh,* J., on a motion
for summary judgment.

*John C. Fraser* for the plaintiff.

*Edward F. Whitesell, Jr.,* for the defendant.

BERRY, J. In 2005, a general contractor, Henry C. Becker
Custom Building Ltd. (Becker), engaged a subcontractor, Great
Green Barrier Co. (Great Green), to perform waterproofing
work at a home renovation construction project in Newburyport.
An explosion at the job site resulted in the death of Timothy B.
Wentworth and grave injuries to Ezekiel Wentworth, both
employees of Great Green.[3]

Great Green did not carry workers' compensation insurance,
as required by law, and evidently, Becker had taken no steps to
confirm that it did. Pursuant to G. L. c. 152, § 18, Becker's

[1]Of the estate of Timothy B. Wentworth.

[2]Of Ezekiel Wentworth.

[3]Timothy was the owner and operator of Great Green; Ezekiel is his son.

workers' compensation insurer was required to respond,[4] and it eventually resolved the workers' compensation claims arising from Timothy's death and Ezekiel's injuries by means of lump sum settlements.

Subsequently, the plaintiff, Cheryl D. Wentworth, as legal representative of both Timothy and Ezekiel, commenced the instant common-law and statutory wrongful death lawsuit against Becker, alleging that the explosion was caused by Becker's independent negligence, gross negligence, and/or wilful, wanton, or reckless conduct. Becker filed a motion for summary judgment, arguing that the plaintiff's claims failed as matter of law because she had accepted workers' compensation benefits from Becker's insurance carrier, thereby effectuating a "release" of her claims against the general contractor by operation of G. L. c. 152, § 23.[5] Accepting Becker's position, a judge of the Superior Court granted summary judgment to the general contractor, and the plaintiff filed this appeal. We reverse, concluding that a general contractor that pays workers' compensation

---

[4]General Laws c. 152, § 18, provides, in pertinent part, as follows:

"If an insured . . . contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the insured, and the insurer would, if such work were executed by employees immediately employed by the insured, be liable to pay compensation under this chapter to those employees, the insurer shall pay to such employees any compensation which would be payable to them under this chapter if the independent or sub-contractors were insured persons. The insurer, however, shall be entitled to recover indemnity from any other person who would have been liable to such employees independently of this section; and if the insurer has paid compensation under this section, it may enforce, in the name of the employee or in its own name and for its benefit, the liability of such other person."

[5]General Laws c. 152, § 23, as amended through St. 1985, c. 572, § 70, provides:

"If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the department under sections ten to twelve, inclusive, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury."

benefits to an uninsured subcontractor's employee, pursuant to G. L. c. 152, § 18, is not thereby released under G. L. c. 152, § 23, from its independent common-law and/or wrongful death liability.

*Discussion.* Significant to the issue presented is the 1971 amendment to the workers' compensation act, abolishing the so-called "common employment" doctrine, which barred employees of a subcontractor from suing the general contractor for personal injuries sustained on the job. See *White* v. *George A. Fuller Co.*, 226 Mass. 1, 3-5 (1917); *Clark* v. *M.W. Leahy Co.*, 300 Mass. 565, 568-569 (1938); *Brown* v. *Marr Equipment Corp.*, 355 Mass. 724 (1969). Under that doctrine, the insurance of the general contractor was said to "throw[] its shadow over the whole work" such that "a cause of action for negligence causing a compensable personal injury cannot grow." *Clark* v. *M.W. Leahy Co.*, *supra* at 568.

Criticism of the common employment doctrine ultimately led to the 1971 amendment, which added the following language to G. L. c. 152, § 15:

> "Nothing in this section, or in section eighteen or twenty-four shall be construed to bar an action at law for damages for personal injuries or wrongful death by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter for the employee's personal injury or wrongful death and said insured person's employees."

St. 1971, c. 941. As a result of this amendment, general contractors lost their immunity from third-party suits brought by injured employees of subcontractors. See Nason, Koziol, & Wall, Workers' Compensation § 27.6, at 352 (3d ed. 2003) ("By the terms of the [1971] amendment, a personal injury is barred only where the insured person is 'employing such employee . . .' that is, he has a contract of service, express or implied, with such person"). Immunity depends upon two factors: "(1) the employer must be an insured person liable for the payment of compensation, *and (2) the employer must be the direct employer of the employee*" (emphasis added). *Lang* v. *Edward J. Lamothe Co.*, 20 Mass. App. Ct. 231, 232 (1985). See *Numberg* v. *GTE Transp., Inc.*, 34 Mass. App. Ct. 904, 904 (1993).

Becker acknowledges, as it must, that it was not the direct employer in this situation, and that it is not entitled to immunity under G. L. c. 152, § 24. Becker nevertheless argues that it has an alternative defense under § 23, based upon the payment by its insurer of the workers' compensation claims brought by the plaintiff on behalf of Timothy and Ezekiel. Becker contends that the acceptance of these payments releases it from any other potential liability, because the 1971 amendment abolishing the common employment doctrine did not specifically mention § 23, thereby leaving it operative in cases where a general contractor pays compensation pursuant to § 18. We disagree.

The application of § 23, no less than § 24, turns on whether the Wentworths were "employees" of Becker. Under G. L. c. 152, § 1(4), an "employee" is a person "in the service of another under any contract of hire, express or implied, oral or written." Under that definition, Timothy and Ezekiel were employees only of Great Green.

The case of *Kniskern* v. *Melkonian*, 68 Mass. App. Ct. 461 (2007), upon which Becker relies, is distinguishable. In *Kniskern*, we held that the acceptance of a lump sum workers' compensation settlement by the plaintiff from the company that hired him released that company from liability at common law, even though there was a dispute whether the plaintiff was an employee or an independent contractor of that company. We concluded that the receipt of a lump sum settlement pursuant to G. L. c. 152, § 48, had the effect of establishing that the plaintiff was an employee, because otherwise he would not have been entitled to the lump sum payment under the workers' compensation scheme. That being the case, his acceptance of the settlement was a release of his common-law claims against his direct employer. *Id.* at 465-466. Here, on the other hand, Timothy and Ezekiel were not the direct employees of Becker, and their receipt of compensation was indicative only of Becker's contingent responsibility to pay compensation to the injured employees of its uninsured subcontractor.

Also important to our analysis is that the contemporaneous understanding of the 1971 amendment abolishing the common employment doctrine supports the view that it was intended to permit an injured employee of an uninsured subcontractor to sue a general contractor for common-law damages in addition to receiving workers' compensation benefits under § 18:

"Chapter 941 of the Acts of 1971 eliminates the effect of the common employment doctrine by restricting the employer immunity to the immediate employer of the injured employee, thereby abolishing even the limited immunity established by *White* [v. *George A. Fuller Co.*, 226 Mass. 1 (1917)].

"   . . .

"Under the amendment, if an insured person is to acquire an immunity against a suit for personal injury or wrongful death, two conditions established by the amendment must be met: first, the insured person must employ the injured or deceased employee, and second, the insured person must be liable for the payment of compensation for the injury or death of the employee. If the conditions are met, the employer has his immunity. *The effect of the amendment is that the insured contractor, whose insurance carrier must pay compensation under the provisions of Section 18 for the injury or death of an employee of an uninsured subcontractor, is now liable as a third party for damages in excess of compensation if his negligence or that of his employees caused the injury*" (emphasis supplied).

Locke, Workmen's Compensation Law, Ann. Surv. Mass. L. § 4.1, at 52 (1971). See *Searcy* v. *Paul*, 20 Mass. App. Ct. 134, 138-139 (1985) ("Contemporary comment . . . shows that the statute was taken by text and periodical writers as broadly abolishing the so-called 'common employment' doctrine and permitting third-party actions by, or in behalf of, an injured employee against all but his immediate insured employer").

Furthermore, Becker's view of § 23 is inconsistent with the objectives of § 18. "[T]he oft-declared purpose of § 18 . . . is 'to prevent . . . [an insured entity, such as a general contractor,] from escaping the obligation of the compensation act by letting out a part of [its] work to irresponsible subcontractors or independent contractors.' " *Tindall* v. *Denholm & McKay Co.*, 347 Mass. 100, 105 (1964), quoting from *Cannon* v. *Crowley*, 318 Mass. 373, 375 (1945). If Becker's position were accepted, there would be little incentive for general contractors to make sure that their subcontractors obtain workers' compensation insurance because, even though the general contractor's insurer would

be required to pay the uninsured subcontractor's compensation obligation, the contractor would obtain the benefit of being released from the significantly greater damages that it likely would face in a common-law action.

Finally, we believe that our interpretation of the statutory scheme is fair and reasonable to all concerned. It creates no risk of double recovery by an injured worker of both workers' compensation and common-law damages. As in any third-party case brought pursuant to G. L. c. 152, § 15, any proceeds obtained in the suit against the general contractor will be allocated between the compensation-paying insurer and the employee, so that the insurer is reimbursed for the compensation paid and the excess goes to the employee. See G. L. c. 152, § 15. In addition, the general contractor's insurer also has the option of attempting to obtain reimbursement from the uninsured subcontractor for the compensation paid.[6] While we recognize that there may well be cases where such recovery is elusive because of the subcontractor's financial condition, the lesson to be drawn is that general contractors must be scrupulous in demanding proof of workers' compensation insurance from any subcontractors they engage.

*Conclusion.* For the foregoing reasons, the allowance of Becker's motion for summary judgment was error.

*Judgment reversed.*

---

[6]G. L. c. 152, § 18, provides in relevant part:

"The insurer [for the general contractor] shall also be entitled to recover from . . . the uninsured sub-contractor all compensation benefits and expenses, medical, hospital or otherwise, that it has paid or may become obligated to pay on account of any injury to the employee or employees of any such . . . uninsured sub-contractor; provided, that this provision shall not authorize the insurer to recover from such a . . . sub-contractor an amount which, together with any sum recovered under this chapter from any other person on account of the payment of compensation to such employee or employees, will exceed in the aggregate the amount of such compensation benefits and expenses."