CHERYL D. WENTWORTH, administratrix[1] and guardian,[2] *vs.*
HENRY C. BECKER CUSTOM BUILDING LTD.

Essex. April 5, 2011. - May 23, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, & GANTS, JJ.

*Practice, Civil,* Summary judgment. *Workers' Compensation Act,* Common
employment, Recovery from third person, Uninsured employer. *Wrongful
Death. Release. Words,* "Employee."

Discussion of provisions of the workers' compensation act requiring that the
insurance carrier of a general contractor who enters into a contract with an
uninsured subcontractor pay workers' compensation to an injured worker
who is an employee of the uninsured subcontractor, and limiting immunity
from third-party suits filed by employees of subcontractors for personal
injuries sustained on the job to situations where the employer is an insured
person liable for payment of compensation and the employer is the direct
employer of the employee. [769-771]

A Superior Court judge erred in allowing a defendant employer's motion for
summary judgment on the ground that the defendant, a general contractor,
was immune from liability for wrongful death and negligence claims
brought against it by the plaintiff, whose decedent and ward were employees
of an uninsured subcontractor to whom compensation was paid by the
defendant's insurance carrier, where, under the plain language of G. L.
c. 152, § 23, the defendant was not an insured, the plaintiff's decedent and
ward were not employees of the defendant, and the defendant was therefore
not immune from the plaintiff's common-law claims. [772-774]

CIVIL ACTION commenced in the Superior Court Department on
March 17, 2006.

The case was heard by *Thomas R. Murtagh,* J., on a motion
for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Edward F. Whitesell, Jr.,* for the defendant.

*John C. Fraser* for the plaintiff.

[1] Of the estate of Timothy B. Wentworth.
[2] Of Ezekiel Wentworth.

*Kimberly E. Winter, Thomas M. Bond, Thomas R. Murphy, J. Michael Conley, & John J. Morrissey* for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.

IRELAND, C.J. We granted the defendant's application for further appellate review in order to determine whether, pursuant to G. L. c. 152, § 23, a general contractor that pays workers' compensation benefits to an employee of an uninsured subcontractor is immune from liability for common-law claims the employee may have against that general contractor. A Superior Court judge concluded that § 23 provided the defendant such immunity from wrongful death and negligence claims commenced by the plaintiff against it, and allowed the defendant's motion for summary judgment. The Appeals Court concluded that the allowance of the motion was error. *Wentworth* v. *Henry C. Becker Custom Bldg. Ltd.*, 76 Mass. App. Ct. 507, 512 (2010). Because we conclude that § 23 applies only where the employee is directly employed by the insured, we vacate the entry of summary judgment for the defendant and remand the case for further proceedings consistent with this opinion.

*Overview of statutory scheme.* We begin with a review of the relevant sections of the workers' compensation act.

Employers are required by law to provide workers' compensation insurance, and suffer penalties for failing to do so. G. L. c. 152, §§ 25A, 25C. An "[i]nsured" is defined, in relevant part, as "an *employer* who has provided insurance for payment to *his employees* by an insurer of [workers'] compensation" (emphasis added). G. L. c. 152, § 1 (6). An "[e]mployee" is defined, with exceptions not relevant here, as "every person in the service of another under any contract of hire, express or implied, oral or written." G. L. c. 152, § 1 (4). Under G. L. c. 152, § 23, "[i]f an employee accepts payment of compensation under this chapter on account of personal injury . . . such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury."

Where an injured worker is an employee of an uninsured subcontractor, the insurance carrier of the general contractor that entered into a contract with that subcontractor is required to

pay the workers' compensation. G. L. c. 152, § 18.[3] "[T]he oft-declared purpose of § 18 . . . is 'to prevent . . . [an insured entity such as a general contractor] from escaping the obligation of the compensation act by letting out part of [its] work to irresponsible subcontractors or independent contractors.' " *Tindall* v. *Denholm & McKay Co.*, 347 Mass. 100, 105 (1964), quoting *Cannon* v. *Crowley*, 318 Mass. 373, 375 (1945).

Also relevant is G. L. c. 152, § 15, under which employees have the right to sue liable third parties for their injuries. Until 1971, under the so-called "common employment" doctrine, a general contractor was immune from third-party suits filed by employees of subcontractors for personal injuries sustained on the job. See *Searcy* v. *Paul*, 20 Mass. App. Ct. 134, 138-139 (1985). In 1971, § 15 was amended by St. 1971, c. 941, § 1, to limit immunity from suit only to situations where "(1) the employer [is] an insured person liable for the payment of compensation, *and* (2) the employer [is] the direct employer of the employee" (emphasis added). *Lang* v. *Edward J. Lamothe Co.*, 20 Mass. App. Ct. 231, 232 (1985).[4] "Contemporary comment . . . shows that the [1971 amendment to] the statute was

---

[3]General Laws c. 152, § 18, provides, in pertinent part:

> "If an insured . . . contractor enters into a contract with a subcontractor to do all or any part of the work . . . and the insurer would, if such work were executed by employees immediately employed by the insured, be liable to pay [workers'] compensation . . . to those employees, the insurer shall pay to such employees any [workers'] compensation which would be payable to them . . . if the independent or sub-contractors were insured persons. The insurer, however, shall be entitled to recover indemnity from any other person who would have been liable to such employees independently of this section; and if the insurer has paid [workers'] compensation . . . , it may enforce, in the name of the employee or in its own name and for its benefit, the liability of such other person."

[4]General Laws c. 152, § 15, as amended by St. 1971, c. 941, § 1, provides, in pertinent part:

> "Nothing in [§ 15] or in [§§ 18 or 24] shall be construed to bar an action at law for damages for personal injuries or wrongful death *by an employee against any person other than the insured person employing such employee* and liable for payment of the [workers'] compensation . . . for the employee's personal injury or wrongful death and said insured person's employees" (emphasis added).

taken by text and periodical writers as broadly abolishing the . . . 'common employment' doctrine and permitting third-party actions by, or in behalf of, an injured employee against all but his immediate insured employer." *Searcy* v. *Paul, supra,* and authorities cited. In 1983, this court concluded that the amendment to § 15, as well as provisions enacted in 1971 and 1980 that expanded the right of an employee to recover against third parties, "indicate[d] the Legislature's intention that the injured employee be fully compensated for his injuries." *Correia* v. *Firestone Tire & Rubber Co.,* 388 Mass. 342, 351 & n.9 (1983), citing St. 1971, c. 888, § 1; St. 1971, c. 941, § 1; and St. 1980, c. 488.

*Facts and background.* We present the essential undisputed facts.

In 2005, the defendant was the general contractor at a residential construction site in Newburyport. It hired a subcontractor, Great Green Barrier Co. (Great Green), to perform waterproofing work on the residence. An explosion at the site resulted in the death of Timothy B. Wentworth and serious injuries to Timothy's son, Ezekiel, both of whom were Great Green employees.

Great Green did not carry workers' compensation insurance. In 2007, pursuant to G. L. c. 152, § 18, the defendant's insurer agreed to lump-sum settlements of Timothy and Ezekiel's workers' compensation claims.[5] In 2006, the plaintiff had filed a complaint alleging that the defendant's "negligence, gross negligence and/or willful, wanton, or reckless conduct" resulted in Timothy's death and Ezekiel's injuries.

In its motion for summary judgment, the defendant argued that, under G. L. c. 152, § 23, by the acceptance of the lump-sum settlements on behalf of Timothy and Ezekiel, the plaintiff was barred from filing her lawsuit for common-law claims. The judge agreed and, citing *Kniskern* v. *Melkonian,* 68 Mass. App. Ct. 461 (2007), and *Russell* v. *Downell,* 60 Mass. App. Ct. 1126 (2004), an unpublished memorandum and order of the Appeals Court, allowed the defendant's motion. The plaintiff appealed.

---

[5]Although compensation was paid in a lump sum, it was settled under G. L. c. 152, § 18, not under G. L. c. 152, § 48, which governs lump-sum settlements between the "insurer" and "employee."

*Discussion.* "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, . . . the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). We construe broadly the workers' compensation act for the protection of injured workers. *Fitzgibbons's Case*, 374 Mass. 633, 637 (1978). See *McCarty's Case*, 445 Mass. 361, 364 (2005).

The plaintiff argues, in essence, that, because *Russell* v. *Downell, supra,* was erroneously decided, the judge erred in allowing the defendant's motion for summary judgment. She contends that, under the plain language of § 23, the defendant is not an "insured"; Timothy and Ezekiel are not the defendant's "employees"; and, therefore, the defendant is not entitled to immunity from common-law claims. We agree. Immunity under the act applies to the "[i]nsured," which is an employer who provides workers' compensation insurance to *"his employees."* G. L. c. 152, § 1 (6). Here, it is undisputed that Timothy and Ezekiel were not employees of the defendant. We conclude that the plain language of § 23 does not release a general contractor that pays workers' compensation benefits to its uninsured subcontractor's employee.

Moreover, under the plain language of G. L. c. 152, § 15, the fact that the defendant was required, by § 18, to provide workers' compensation benefits to Timothy and Ezekiel is not a "bar to an action at law for damages for personal injuries . . . against any person *other than the insured person employing such employee* and liable for payment of the [workers'] compensation" (emphasis added). We conclude that the explicit reference to § 18 makes clear that suits are not barred against general contractors that were obligated, under § 18, to pay workers' compensation benefits of the uninsured subcontractor's employees. In sum, the immunity provided under § 23 does not apply to the defendant.

Despite this plain language, the defendant makes a number of arguments to support its contention that our interpretation of § 23 "stretches its plain meaning far beyond the breaking point," because the Legislature did not intend there to be a " 'direct employment nexus' between the insured and the injured

worker under § 23." The defendant asserts that because § 15 does not explicitly reference § 23, the provisions of § 15 abolishing the common employment doctrine do not apply; that employers already receive immunity from claims at law under § 24 and therefore our interpretation makes § 23 superfluous[6]; that case law supports its interpretation of § 23[7]; and that, on certain Department of Industrial Accident forms, the defendant is listed as the "employer." We need not belabor the reasons we are unpersuaded. It suffices to say that the arguments ignore the

---

[6]Under G. L. c. 152, § 24, an employee may elect to retain his or her right to assert common-law claims against an employer if, under certain conditions not relevant here, the employee so informs the employer in writing. If the employee does not inform the employer that he or she is exercising that right, it is waived. See generally *Saab* v. *Massachusetts CVS Pharmacy, LLC*, 452 Mass. 564, 567 (2008), quoting *Barrett* v. *Rodgers*, 408 Mass. 614, 616 (1990) (employees exchange "guaranteed right of recovery" under workers' compensation benefits for right to recover for work-related injuries against their employers under common law); *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 548 (1980) (no assertion by injured worker that he gave notice of right to sue employer pursuant to § 24; claim asserted that injuries not covered under the act).

[7]The unpublished Appeals Court memorandum and order, *Russell* v. *Donnell*, 60 Mass. App. Ct. 1126 (2004), relied on by the Superior Court judge, supports the defendant's position. Although we find such authority persuasive, it is not precedential. Here we are relying on the statute's plain language. See generally *Massachusetts Insurers Insolvency Fund* v. *Smith*, 458 Mass. 561, 566 n.7 (2010), and cases cited.

The other cases on which the defendant relies are readily distinguishable. In *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652, 655-656 (1993), *S.C.*, 424 Mass. 144 (1997), it is true that the court stated that the "exclusivity provision [of § 23] is very broad." However, the issue was whether an employee who received workers' compensation benefits from his direct employer could also recover from that employer's underinsurance motorist benefits (UM benefits). *Id.* Thus, it was in the context of addressing the UM benefits that the court concluded that the exclusivity provision of § 23 was broad enough to include immunity from an action against the direct employer's motor vehicle insurer. *Id.* More important for our purposes, however, is that the court held that the direct employer's wholly owned subsidiary was not entitled to such immunity from claims. *Id.* at 657. In *Kniskern* v. *Melkonian*, 68 Mass. App. Ct. 461, 463-464 (2007), there was a question whether the plaintiff was the defendant's employee. The court held that the plaintiff's employment status was established when the plaintiff accepted a lump-sum settlement pursuant to G. L. c. 152, § 48, which only applies to employees. *Id.* at 465. Here, as the Appeals Court pointed out, it is undisputed that Timothy and Ezekiel were not the defendant's employees and the parties reached a settlement pursuant to G. L. c. 152, § 18. See *Wentworth* v. *Henry C. Becker Custom Bldg. Ltd.*, 76 Mass. App. Ct. 507, 510 (2010) (distinguishing *Kniskern* case).

plain language of the relevant statutory provisions (i.e., G. L. c. 152, §§ 1, 15, and 23), and as the Appeals Court pointed out, the defendant's "view of § 23 is inconsistent with the objectives of § 18" to prevent a general contractor from escaping its obligation under the workers' compensation act by hiring uninsured subcontractors. *Wentworth v. Henry C. Becker Custom Bldg. Ltd.*, 76 Mass. App. Ct. 507, 511 (2010). We agree with the Appeals Court that, under the defendant's interpretation, although the insurer of a general contractor that wilfully or negligently hires an uninsured subcontractor is "required to pay the uninsured subcontractor's compensation obligation, the contractor would obtain the benefit of being released from the significantly greater damages it likely would face in a common-law action." *Id.* at 511-512. We conclude that the Legislature did not intend such an outcome, because this benefit is not available to general contractors who obey the law and hire insured subcontractors. Our interpretation instead gives a general contractor strong incentive to retain subcontractors who have workers' compensation insurance because it otherwise has to pay the workers' compensation benefits and is liable for any common-law damages; it implements the Legislature's intention fully to protect workers by allowing recovery from third parties, including general contractors who are not the injured worker's direct employer; and it gives meaning to the statute's intent that workers' compensation carriers be reimbursed by liable third parties. See G. L. c. 152, §§ 15, 18; *Wentworth v. Henry C. Becker Custom Bldg. Ltd.*, *supra* at 512 (statutory provisions allowing insurer reimbursement from any compensation paid to injured worker by third parties prevent worker's double recovery).

*Conclusion.* The entry of summary judgment is vacated, and the case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*