Gordon, Robert B., J.
Plaintiff Antonio Perez Molina (“Molina”) was injured in the course of his employment, while providing services on assignment to defendant State Garden, Inc. (“State Garden”). Molina now brings this action, asserting that State Garden’s negligence proximately caused his injuries. State Garden moves to dismiss, or in the alternative for summary judgment, asserting that the exclusivity provisions of the Massachusetts Workers’ Compensation Act, G.L.c. 152, §§23-24 (the “Act”), bar the negligence action. For the following reasons, State Garden’s motion is ALLOWED.
BACKGROUND
Molina was a direct employee of American Resource Staffing Network (“ARS”), an entity in the business of providing temporary staffing to company clients like State Garden. In this case, ARS assigned Molina to provide on-site services to State Garden. On December 22, 2010, Molina was injured during the course of providing such services.
ARS holds a workers’ compensation insurance policy for its employees, which in material part contains an “Alternate Employer Endorsement.” The Alternate Employer Endorsement provides as follows:
This endorsement applies only with respect to bodily injury to your employees while in the course of *413 special or temporary employment by the alternate employer named [below] . . . Part One (Workers Compensation Insurance) . . . will apply as though the alternate employer is insured.
The Alternate Employer Endorsement on ARS’s policy specifically identifies State Garden as the alternate employer.
Molina’s employment with ARS was further subject to the terms of a signed waiver and release agreement, which provided in pertinent part as follows:
In recognition that any work related injuries which might be sustained by me are covered by state Workers’ Compensation statutes, and to avoid the circumvention of such state statutes which may result from suits against customers or clients of [ARS], based on the same injury or injuries, and to the extent permitted by law, I HEREBY WAIVE AND FOREVER RELEASE ANY RIGHTS I MIGHT HAVE to make claims or bring suit against any client or customer of [ARS], for damages based upon injuries which are covered under such Workers’ Compensation statutes.
It is undisputed that under the Workers’ Compensation Act, ARS, the direct employer in this case, is immune from any common-law action arising out of Molina’s injury. Molina, however, brings suit against State Garden, arguing that the statutory workers’ compensation bar does not apply to this entity because it is not his direct employer. State Garden now moves to dismiss, or in the alternative for summary judgment, arguing that although it is not Molina’s direct employer, it nonetheless enjoys immunity under the Act by virtue of the Alternate Employer Endorsement underwritten by ARS in its policy of insurance.
DISCUSSION
When ruling on a motion to dismiss under Mass.R.Civ.P. 12(b)(6), a court does not normally consider matters outside of the pleadings. See Mass.R.Civ.P. 12(b); General Motors Acceptance Corp. v. Abington Cos. Ins. Co., 413 Mass. 583, 584 (1992). Rule 12(b), however, invests the Court with discretion to consider matters outside the pleadings by converting the motion to dismiss into one for summary judgment and reviewing it in accordance with Mass.R.Civ.P. 56. See Watros v. Greater Lynn Mental Health & Retardation Ass’n, 421 Mass. 106, 109 (1995). Because resolution of the issues before this Court requires an examination of matters outside the pleadings (viz., the Alternate Employer Endorsement), and because such resolution does not turn on issues foreseeably affected by factual discovery, this Court shall consider these matters and treat the motion as one for summary judgment.
Summary judgment is appropriate where there is no genuine issue of material fact, and where the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Com, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, it must either submit affirmative evidence negating an essential element of the non-moving party’s claim, or demonstrate that the non-moving party’s evidence is insufficient to establish its claim. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Peder-son, 404 Mass, at 17.
A. Workers’ Compensation Exclusivity Provisions
In most circumstances, the Workers’ Compensation Act provides the exclusive remedy for claims brought against an employer by an injured employee. See G.L.c. 152, §§23-24; Fleming v. Shaheen Bros., 71 Mass.App.Ct. 223, 227 (2008). The so-called “exclusivity provisions” of the Act grant immunity to the employer of a worker who has been injured within the scope of his employment and is thus eligible for compensation benefits under the Act-mandated insurance of his employer. Id. Normally, only the direct employer of the injured individual enjoys immunity from suit under the statute. See Fleming, 71 Mass.App.Ct. at 227.
State Garden concedes that it is not Molina’s direct employer.[1] State Garden argues, however, that it is nevertheless entitled to immunity under the Workers’ Compensation Act by virtue of the Alternate Employer Endorsement contained in ARS’s policy. This Court agrees.
B. Alternate Employer Endorsements
There is very limited Massachusetts case law examining whether an entity named in an alternate employer endorsement to a workers’ compensation insurance policy enjoys the same liability immunity under the Act as the direct employer. What Massachusetts case law does exist, however, as well as authorities from other jurisdictions construing cognate workers’ compensation statutes, lead this Court to conclude that named alternate employers such as State Garden face no common-law liability per the exclusivity provisions of the Act.
1. Massachusetts Law
At the outset, the Court observes that the appellate cases Molina cites, namely, Nurhberg v. GTE Transport, 34 Mass.App.Ct. 904 (1993), and Lang v. Edward J. Lamothe Co., 20 Mass.App.Ct. 231 (1985), do not control the case at bar given the distinguishing factual circumstances here present. While Nurhberg and Lang recite the familiar principle that only direct employers, *414 and not “special employers,” are immune from common-law personal injury suits under the Workers’ Compensation Act, the decisions do not address whether the same result obtains in the face of an alternate employer endorsement written into the applicable workers’ compensation insurance policy. See Nürnberg, 34 Mass.App.Ct. at 904; Lang, 20 Mass.App.Ct. at 234 (holding that G.L.c. 152, §15 provides that the only party immune from suit under the statute is the direct employer; a special employer is not immune, because the special employer is not liable for the payment of workers’ compensation and there was “no agreement” between the direct employer and the special employer that the special employer would be liable for the payment of such compensation);[2] cf. Fleming, 71 Mass.App.Ct. at 228 (noting that special employers do not enjoy the same protections under the Workers’ Compensation Act as direct employers) . Nürnberg and Lang, however, did not confront the inclusion of an alternate employer endorsement in a direct employer’s workers’ compensation insurance policy, and instead addressed more general concepts regarding the liability status of special employers. Accordingly, these decisions shed scant light on the question presented in the case subjudice.[3]
By contrast, Salitsky Alloys, Inc. v. Metz Personnel, 29 Mass. L. Rptr. 558 (Mass.Super.Ct. 2012), provides some useful guidance to this Court’s analysis. In Salitsky, Metz leased employees to clients much like a temporary staffing agency. Id. at *1. The injured party was a direct employee of Metz whom Metz had leased to Salitsky and who was injured during the course of his leased employment. Id. at *1-2. The employee sued Salitsky, claiming that the immunizing exclusivity provisions of the Workers’ Compensation Act did not apply to because Salitsky was not his direct employer. Id. at *2. The contract between Salitsky and Metz included an alternate employer endorsement, very similar in language to the one in the present case, which could well have relieved Salitsky from common-law liability. Id. at *3-4. The parties, however, neglected to designate Salitsky as the “alternate employer.” Id. at *4. The Court accordingly held that, because the endorsement did not specify Salitsky by name as the alternate employer, it was not entitled to immunity under the Workers’ Compensation Act. Id. In doing so, however, the Court unmistakably indicated that had the endorsement named Salitsky as the alternate employer, it would have been immune from suit. See id. (“Nowhere in the policy ... is [Salitsky] mentioned as a named insured. As to the ‘Alternate Employer Endorsement,’ this provides coverage under the policy’s Part 1 (Workers’ Compensation Insurance) . . . only where the ‘alternate employer’ is named'). In the present case, by contrast, the Alternate Employer Endorsement contained in ARS’s workers’ compensation policy does specifically name State Garden as the alternate employer. The above-quoted dicta in Salitsky thus strongly suggests the result that State Garden, as the specifically named alternate employer, is entitled to personal injury immunity under the Workers’ Compensation Act.
2. Law from Other Jurisdictions
Although obviously not controlling on this Court, decisions from other jurisdictions reinforce the conclusion that State Garden should be immune from common-law liability for Molina’s injuries by virtue of the Alternate Employer Endorsement contained in ARS’s workers’ compensation policy. In Cal-Dive Inti, Inc. v. Seabrightlns. Co., 627 F.3d 100 (5th Cir. 2010), for example, a case factually analogous to the present one, Coastal entered into a contract with Horizon to provide catering services aboard Horizon’s vessel. Id. at 100. Coastal deployed one of its direct employees to provide services on the vessel, and the employee was injured during the course of his work. Id. As in this case, Coastal, which held a Maritime Employer’s Liability policy,[4] entered into an alternate employer agreement with Horizon which stated: “This endorsement applies only with respect to ... injuiy... to your employees while in the course of temporary employment by an alternate employer. This endorsement will apply as though the alternate employer is insured.” Id. at 111.
In addressing the effect of this endorsement, the court declared, “when endorsements such as the Alternate Employer Endorsement add additional insureds to the policy, these additional insureds enjoy the same benefits ... as a named insured.” (Id. at 114, citations omitted.) The court likewise noted, “It is significant that the Alternate Employer Endorsement provides that ‘this endorsement will apply as though the alternate employer is an insured.’ ” Id. This Court finds that the Alternate Employer Endorsement in the present case is virtually identical to the one in Cal-Dive, and provides: “Part One (Workers’ Compensation Insurance) . . . will apply as though the . . . alternate employer is insured.” The Court embraces the reasoning and result of Cal-Dive, and concludes that, by virtue of its Alternate Employer Endorsement, State Garden is entitled to the same immunities ARS enjoys under the Massachusetts Workers’ Compensation Act.
The decision in Forest Oil Corp. v. Ace Indemnity Ins., Co., 2004 LEXIS 16934 (E.D.La. 2004), reinforces this conclusion. In Forest Oil, Coastal Production Services entered into a service contract with Forest Oil. Id. at *2. Coastal sent its direct employee, the plaintiff, to perform work on Forest Oil’s vessel, and the plaintiff was injured during the course of his employment. Id. As in Cal-Dive, Coastal held a workers’ compensation insurance policy that included an alternate employer endorsement nearly identical to the one contained in the ARS policy. That endorsement provided: ‘This endorsement applies only with respect to bodily injury to your employees while in the course of special or temporary employment by the alternate employer in the state named in Item 2 . . . Part One (Workers’ *415 Compensation Insured) . . . will apply as though the alternate employer is insured.” Id. at *24. The court determined that because Forest Oil was an alternate or “borrowed” employer pursuant the endorsement, it was immune from suit per the workers’ compensation liability bar. Id. at *2, 6, 8-9, 25. Based on the factual parallels between this case and Forest Oil—and, in particular, the similar language used in the two alternate employer endorsements—this Court will adopt Forest Oil’s holding as its own. By virtue of its designation as an insured in the Alternate Employer Endorsement, State Garden is entitled to the same immunities ARS enjoys under the Workers’ Compensation Act.
In sum, this Court concludes that, because ARS’s workers’ compensation insurance policy includés an Alternate Employer Endorsement that specifically names State Garden as the alternate employer, and provides that “Part One (Workers’ Compensation Insurance) . . . will apply as though the . . . alternate employer is insured,” State Garden is immune from common-law liability under the Act’s exclusivity provisions. See Salttsky Alloys Inc., 29 Mass. L. Rptr. at *4, supra; Cal-Dive Inf l, Inc., 627 F.3d at 114; Forest OH Corp., 2004 LEXIS 16934 at *24-25. The Court can discern no unfairness to any affected party in this result. ARS’s workers’ compensation carrier provided insurance for the benefit of both ARS and State Garden, a breadth of coverage undoubtedly reflected in the policy premiums paid by ARS. Likewise, ARS and State Garden contracted to have State Garden sheltered under ARS’s workers’ compensation policy, a shared allocation of liability protection that undoubtedly lessened the client fees State Garden charged to ARS. Finally, the record makes clear that none of this could have come as any surprise to Molina, who signed an agreement with ARS in which he expressly acknowledged and agreed that State Garden was workers’ compensation-insured and thus immune to civil suit from him. Molina thus understood that his remedies for job injury would be confined to workers’ compensation benefits. Allowing him to sue State Garden civilly in these circumstances would yield him an undue windfall, unfairly defeat the expectations of all other parties in this four-way business relationship, and circumvent the intended effects of the Workers’ Compensation Act. This Court will not countenance such a result.
ORDER
For the reasons stated above, it is hereby ORDERED that State Garden’s Motion to Dismiss or, in the Alternative, for Summary Judgment is ALLOWED.

Molina’s direct employer is ARS, and ARS assigned Molina to provide on-site services to its client, State Garden.

Language in Lang certainly implies that a direct employer and special employer can, “by agreement,” influence the reach of the workers’ compensation immunity bar; but this dictum stops short of directing how a court should treat an alternate employer endorsement for such purposes.

Molina also cites Wentworth v. Henry C. Becker Custom Bldg., Ltd., 459 Mass. 768 (2011), to support his argument that the workers’ compensation liability bar applies only to direct employers and does not confer immunity on alternate employers. Molina thus maintains that alternate employers are merely a species of “special employer” who enjoy no immunity. While Wentworth emphasized that the workers’ compensation bar applies only to direct employers (id. at 774), the case is inapposite because it does not address the circumstance where the applicable insurance policy names an alternate employer. As with Nürnberg and Lang, there was no alternate employer endorsement in Wentworth, and the case thus does not resolve the specific issue presented here. Indeed, Wentworthwas not a case involving staffing agencies at all, and instead addressed a general contractor/subcontractor relationship in which the subcontractor failed to carry any form of workers’ compensation insurance. Id. at 769. The case cannot reasonably he thought to answer the question posed by State Garden’s alternate employer endorsement.

A Maritime Employer’s Liability policy is similar to a workers’ compensation policy, just as the federal Jones Act provides a workplace injury scheme under admiralty law analogous to state law workers’ compensation statutes like the one in place in Massachusetts.