At issue in this appeal is whether the exclusivity provision in the Workers' Compensation Act (Act), G. L. c. 152, § 23, bars the plaintiff's negligence claim. We conclude that it does and, therefore, affirm the judgment entered by a Superior Court judge dismissing the plaintiff's complaint.
The plaintiff, Jose Faria, claims that he was hired as an independent contractor in his profession as a chef by the defendant, The Portuguese American Civil League of Lowell (the League). On January 27, 2015, Faria was entering the League's function hall when he slipped and fell on an accumulation of ice, causing him to suffer a displaced trimalleolar fracture of his right ankle. As a result of the injury, Faria incurred more than $28,000 in medical expenses, lost wages, "permanent impairment, [and] pain and emotional anguish." Following the injury, Faria filed a worker's compensation claim against the League, asserting that he was an employee. The League denied liability, claiming, among other things, that Faria was an independent contractor, not an employee. Eventually, the parties agreed to settle the case for a lump-sum payment under G. L. c. 152, § 48. The settlement agreement states in relevant part as follows:
"In view of the significant issues as to liability, specifically whether or not an employer/employee relationship existed, as well as additional issues raised as to credibility and [average weekly wage], it was determined that it would be in the employee's best interest to settle his case rather than to proceed with litigation with the associated risks and uncertainties. Settlement will provide Mr. Faria with some certainty and allow him to put this matter behind him and move forward with his life. It should be noted that this settlement is on a no liability basis and that the insurer will not be responsible for the payment of future medical treatment related to the injury. The insurer has, however, agreed as part of this settlement to pay for reasonable, necessary and related medical treatment incurred by Mr. Faria as of the date of the approval of this settlement."
After Faria brought the present negligence action against the League, the League filed a motion to dismiss for failure to state a claim, Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), arguing that Faria's claim is barred by the § 48 settlement.[2] For the reasons that follow, the motion to dismiss was properly allowed.
General Laws c. 152, § 23, as amended by St. 1985, c. 572, § 34, provides, in relevant part: "[i]f an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury." Although Faria accepted payment of compensation on account of personal injury and made an agreement under § 48, he argues that his negligence claim is not barred by § 23 because it was not determined in the Department of Industrial Accidents (DIA) proceedings whether he is an employee or independent contractor. However, § 23 bars Faria's claim even though his employment status was not determined (or admitted to) in the worker's compensation proceedings. See Kniskern v. Melkonian, 68 Mass. App. Ct. 461, 465-466 (2007)[3] (party who entered into § 48 settlement barred from asserting tort claim against employer notwithstanding that party claimed he was independent contractor). Here, as in Kniskern, "the problem with [Faria's] argument is that employee status is a condition to recovery of the lump sum settlement under the Act." Id. at 465. If Faria is an independent contractor, and not an employee, he is outside the scope of the Act and could not have received a lump-sum settlement pursuant to § 48. See Foley v. Polaroid Corp., 381 Mass. 545, 549 (1980) ("one must be found to be an employee before compensation may be had under the act"); Murphy v. Commissioner of Dept. of Industrial Accidents, 415 Mass. 218, 222 (1993) ("The Act applies only to employees who come within its ambit ... [and] requires that participating employees waive their right to sue in tort for work-related injuries").
In sum, Faria "pursued his claim through the administrative procedures established by the DIA," Maxwell v. AIG Domestic Claims, Inc., 460 Mass. 91, 111 (2011), he and the League "participat[ed] in the DIA benefit determination process," ibr.US_Case_Law.Schema.Case_Body:v1">id. at 114, and they agreed upon a lump-sum settlement under § 48. By the express terms of § 23, that settlement was Faria's exclusive remedy against the League for his injury.[4] See id. at 107 ; Kniskern, supra at 466.[5]
Judgment affirmed.

Both parties submitted additional documents that related to Faria's worker's compensation claim in support of their respective positions on the motion to dismiss. When Faria asked that the motion be converted into one for summary judgment, the League stated, "[t]hat would be fine" because "there are not issues of material fact as to the grounds" for its motion to dismiss. The judge took "judicial notice" of the additional documents, but he did not convert the motion into one for summary judgment. In light of the express provisions of the Act, the outcome is the same whether the motion is viewed as one to dismiss or for summary judgment.

Nothing in Wentworth v. Henry C. Becker Custom Bldg. Ltd., 459 Mass. 768 (2011), requires us to revisit Kniskern. See Wentworth, supra at 773 n.7 (citing with approval Kniskern's holding "that the plaintiff's employment status was established when the plaintiff accepted a lump-sum settlement pursuant to G. L. c. 152, § 48, which only applies to employees"). In Wentworth, the defendant was not an insured, the plaintiff's decedent and ward were not employees of the defendant, and the defendant was therefore not immune from the plaintiff's common-law claims.

Lee v. International Data Group, 55 Mass. App. Ct. 110 (2002), upon which Faria relies for the proposition that only the DIA can decide whether he is an employee within the meaning of the Act, is inapposite. Whereas the plaintiff in Lee never "filed a claim with DIA ... or made any effort to obtain compensation for her injuries other than by launching a series of court actions" in which she claimed to be an employee of the defendant, ibr.US_Case_Law.Schema.Case_Body:v1">id. at 116, Faria proceeded in the DIA under a claim that he was the League's employee. The League disputed that claim, it and Faria agreed to settle the claim, and Faria's Superior Court complaint does not seek a declaration of his employment status. As such, "the issue of [Faria]'s employment status" was not before the Superior Court. Id. at 114-115.

At oral argument, Faria contended that his claim for pain and suffering is not barred because the § 48 settlement did not compensate him for those injuries. See Curry v. Great Am. Ins. Co., 80 Mass. App. Ct. 592, 596 (2011). We decline to address this argument, which is not made in Faria's brief, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), except to note that the complaint's bare allegation that Faria suffered "pain and emotional anguish" as a result of the League's negligence "does not constitute an allegation of fact" sufficient to withstand a motion to dismiss. Polay v. McMahon, 468 Mass. 379, 388 (2014).