In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009). As such, this Court must determine whether 1) jurisdiction is permitted by the Massachusetts long-arm statute and 2) the exercise of jurisdiction coheres with the Due Process Clause of the United States Constitution. Id. Alfa Laval does not contend that plaintiff has failed to satisfy the Massachusetts long-arm statute nor does plaintiff assert that Alfa Laval is subject to general personal jurisdiction in Massachusetts and thus this Court will focus on the requirements of specific personal jurisdiction.
This Court may exercise specific personal jurisdiction when defendants have certain "minimum contacts" with Massachusetts such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice". Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks omitted). When assessing whether the exercise of jurisdiction comports with due process, the court evaluates
(1) whether the claim directly arises out of, or relates to, the defendant's forum state activities; (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and *144 (3) whether the exercise of jurisdiction is reasonable.
Cossart v. United Excel Corp., 804 F.3d 13, 20 (1st Cir. 2015) (internal citation omitted).
To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
B. Application
Plaintiff concedes that at this stage it has insufficient information to identify the specific product at issue. He submits, however, that he has alleged enough facts to warrant some jurisdictional discovery before dismissing Alfa Laval from this case for lack of personal jurisdiction. See Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir. 2007) ("[A] diligent plaintiff who sues an out-of-state corporation and [states] a colorable [claim] for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001) )).
Plaintiff has the burden of proving that Alfa Laval purposefully availed itself of Massachusetts by intentionally directing its products to the forum state in order for this Court to exercise specific personal jurisdiction. See Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 682-83 (1st Cir. 1992) (rejecting the "stream of commerce" theory of personal jurisdiction and holding that "mere awareness that a product may end up in the forum state does not constitute purposeful availment" for purposes of establishing specific personal jurisdiction (internal quotation marks omitted)).
The only allegations that Pajak makes to connect Alfa Laval to Massachusetts is that 1) his injuries occurred in Massachusetts and 2) those injuries were allegedly caused by a container purportedly manufactured, designed and/or placed into the channels of commerce by Alfa Laval. The place of injury is insufficient alone to establish specific personal jurisdiction. See Walden v. Fiore, 571 U.S. 277, 290, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."). Plaintiff alleges no facts to support that Alfa Laval meaningfully and purposefully directed the allegedly defective container into Massachusetts (for example by designing the containers for or selling, advertising or marketing them to customers in Massachusetts). See Boit, 967 F.2d at 683.
Indeed, Pajak has not specifically identified the particular product which allegedly caused his injuries. He submits that the Dow defendants informed him that Alfa *145 Laval assembled and supplied the allegedly defective trimethylaluminum conatiner or component parts but Alfa Laval contends that it does not manufacture or design "trimethylaluminum vessels" nor is it aware of any Alfa Laval product that might be described as such. Without a sufficient identification of the product in the complaint, it is impossible for Alfa Laval (and this Court) to determine whether that defendant actually directed the container to a customer in Massachusetts or whether it ended up in the forum fortuitously.
Furthermore, district courts have held that a plaintiff's failure to identify the specific product at issue in a negligence or products liability case warrants dismissal for failure to provide the defendant sufficient notice of the claim against it. Del Castillo v. PMI Holdings N. Am. Inc., Civil Action No. 4:14-CV-03435, 2016 WL 3745953, at *17 (S.D. Tex. July 13, 2016) ("Plaintiffs do not provide a product identification number, a description of the [product], the [product's] location in the refinery, or any other information that could aid [defendant] in determining whether one of its products was involved in the refinery explosion. Because the Complaint fails to give [defendant] fair notice of what product is at issue, the claims against it must be dismissed."); Campbell v. ABB Inc., No. 4:14CV01489 AGF, 2015 WL 1006388, at *2 (E.D. Mo. Mar. 5, 2015) ; Thorpe Design, Inc. v. Viking Corp., Case No. 15-cv-03324-EDL, 2015 WL 5440792, at *2 (N.D. Cal. Sept. 15, 2015) (dismissing claims for product liability and negligence because "[t]he complaint is overly vague as to what product is at issue"); Thompson v. DePuy Orthopaedics, Inc., No. 1:13-CV-00602, 2014 WL 2874268, at *3 (S.D. Ohio June 24, 2014).
This Court agrees with the reasoning of the cited decisions. Accordingly, the claims against Alfa Laval (Counts IV, V and VI of the complaint) will be dismissed for 1) lack of personal jurisdiction and 2) failure to state a claim. The claims against Alfa Laval will, however, be dismissed without prejudice and plaintiff will be permitted to renew those claims in the event that he can sufficiently identify the subject container and establish that Alfa Laval 1) manufactured, designed or supplied that product and 2) intentionally directed it into the forum. The Court finds that Pajak has made out a colorable claim of personal jurisdiction as to Alfa Laval and is thus entitled to some jurisdictional discovery to determine whether Alfa Laval manufactured and purposefully directed the subject container into Massachusetts.
III. Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim
A. Legal Standard
A plaintiff faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1) bears the burden of establishing that the court has subject matter jurisdiction over the action. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).
If the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id. The *146 court has "broad authority" in conducting the inquiry and can, in its discretion, order discovery, consider extrinsic evidence or hold evidentiary hearings in determining its own jurisdiction. Id. at 363-64.
B. The MWCA
1. The Exclusivity Provision
Courts have treated motions to dismiss claims for personal injury based on the exclusivity provision of the MWCA as motions to dismiss for lack of subject matter jurisdiction. See, e.g., Branyan v. Sw. Airlines Co., 105 F. Supp. 3d 120, 125 (D. Mass. 2015) (citing Fusaro v. Blakely, 40 Mass.App.Ct. 120, 661 N.E.2d 1339, 1341 (1996) ). Compensation under the MWCA is the exclusive remedy for injuries suffered by an employee during the course of employment unless the employee has notified his employer in writing that he wishes to waive his right to compensation under the Act. Estate of Moulton v. Puopolo, 467 Mass. 478, 5 N.E.3d 908, 914 (2014) ("So long as the injuries were sustained while the employee was acting in the course of her employment, ... actions for negligence, recklessness, gross negligence, and wilful and wanton misconduct by an employer are precluded by the exclusive remedy provision."); see also M.G.L. c. 152, § 24.
The Act's exclusivity provision bars a claim for personal injury only where 1) "the plaintiff is shown to be an employee", 2) "his condition is shown to be a personal injury within the meaning of [the Act]" and 3) "the injury is shown to have arisen out of and in the course of ... employment". Foley v. Polaroid Corp., 381 Mass. 545, 413 N.E.2d 711, 713-14 (1980) (internal quotation marks omitted) (second alteration in original) (citing M.G.L. c. 152, § 26 ). Moreover, under § 23 of the Act, an employee who accepts payment for personal injuries thereunder (including through a settlement agreement under § 48) releases the employer from any further liability for claims at common law arising from that injury. Roberts v. Delta Air Lines, Inc., 599 F.3d 73, 77 (1st Cir. 2010) ; see also M.G.L. c. 152, §§ 23, 48.
Once an employee acknowledges that a particular entity is his employer by accepting a lump-sum settlement under § 48 of the Act, the employee cannot thereafter claim that the entity was not his employer and thereby bring a common law claim for personal injury. See Faria v. Portuguese Am. Civil League of Lowell, 103 N.E.3d 771 (Table) (Mass. App. Ct. 2018) ("[Plaintiff] pursued his claim through the administrative procedures established by the DIA, he and the [defendant] participat[ed] in the DIA benefit determination process, and they agreed upon a lump-sum settlement under § 48. By the express terms of § 23, that settlement was [plaintiff's] exclusive remedy against the [defendant] for his injury." (internal quotation marks and citations omitted)); Kniskern v. Melkonian, 68 Mass.App.Ct. 461, 862 N.E.2d 450, 454-55 (2007) ("The filing of a claim and acceptance of a lump sum settlement at the DIA precludes tort recovery against the employer for the same injury.").
Section 15 of the MWCA also enables employees to sue liable third parties for their injuries and § 18 obligates a general contractor to pay workers' compensation benefits to the employees of uninsured subcontractors. M.G.L. c. 152, §§ 15, 18. Unlike a settlement agreement entered into under § 48 of the Act, however, a settlement agreement entered into under § 18 does not thereafter preclude an employee from asserting common law claims against the settling party for those very same injuries.
*147 Wentworth v. Henry C. Becker Custom Bldg. Ltd., 459 Mass. 768, 947 N.E.2d 571, 574-76 (2011).
2. Application
In resolving the motion of RHEM, the Court considers the copy of the lump-sum settlement agreement submitted by the defendant (the authenticity of which plaintiff does not contest). That document makes it clear that Pajak acknowledged RHEM as his employer for purposes of the lump-sum settlement of $235,000. Furthermore, the agreement provides that
[t]his payment is received in redemption of the liability of all weekly payments now or in the future due me under the [MWCA].
Finally, that agreement was submitted to and approved by the DIA in settling Pajak's claims under the MWCA.
Relying on the decision of the Massachusetts Supreme Judicial Court ("the SJC") in Wentworth, plaintiff contends that there is legitimate confusion as to the identity of his direct employer at the time of his injury and thus he is not precluded from suing RHEM even though it was listed as his employer in the settlement agreement. Wentworth is, however, distinguishable from this case.
There, the SJC held that the exclusivity provision of the MWCA does not release from liability a general contractor that pays workers' compensation benefits to the employee of an uninsured subcontractor. Wentworth, 947 N.E.2d at 574. Essential to that decision was the third-party relationship between the general contractor and the individual employee and the fact that the general contractor was required to pay benefits as a liable third party under § 18 of the MWCA. See id. at 575-76. Here, Pajak explicitly acknowledged that RHEM was his direct employer (and not some third-party liable under § 18 of the Act) and entered into a lump-sum settlement agreement pursuant to § 48 based on that assumption. See Certain Interested Underwriters at Lloyd's, London v. Stolberg, 680 F.3d 61, 68 n.3 (1st Cir. 2012) (distinguishing the situation in Wentworth from "the typical situation in which the employee of an insured employer relinquishes any private right of action that he might have had against the insured by accepting workers' compensation benefits"); Faria, 103 N.E.3d at 771 n.3 ("Nothing in [ Wentworth ] requires us to revisit Kniskern ['s] ... holding that the plaintiff's employment status was established when the plaintiff accepted a lump-sum settlement pursuant to G.L. c. 152, § 48, which only applies to employees." (internal quotation marks omitted)); see also Wentworth, 947 N.E.2d at 575 n.7 (citing with approval the holding of Kniskern ). Plaintiff cannot now avoid the consequences of that settlement agreement by disputing that RHEM was his employer at the time of his injury.
Accordingly, RHEM's motion to dismiss Count II of the complaint for lack of jurisdiction pursuant to the exclusivity provision of the MWCA will be allowed with prejudice.[2]
IV. Motion for Judgment on the Pleadings
A. Legal Standard
Although a Rule 12(c) motion for judgment on the pleadings considers the factual allegations in both the complaint and the answer, it is governed by the same *148 standard as a Rule 12(b)(6) motion to dismiss. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). To survive such a motion, the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955 ). For a claim to be facially plausible, the pleadings must show "more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff cannot merely restate the defendant's potential liability. Id.
In considering the merits of such a motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). The Court may also consider documents if 1) the parties do not dispute their authenticity, 2) they are "central to the plaintiffs' claim" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) ).
B. Application
To state a claim for negligence under Massachusetts law, a plaintiff must demonstrate that 1) "the defendant owed the plaintiff a duty of reasonable care", 2) "the defendant breached this duty", 3) "damage resulted" and 4) "there was a causal relation between the breach of the duty and the damage". Jupin v. Kask, 447 Mass. 141, 849 N.E.2d 829, 834-35 (2006).
Pajak asserts that Rohm & Haas and Dow Chemical owed him a duty to
(1) maintain the vessel in a reasonably safe condition; (2) design/adopt a reasonably safe method for the trimethylaluminum reclamation process; (3) provide adequate training to the Plaintiff related to the trimethylaluminum reclamation process; and/or (4) maintain the work environment in a reasonably safe condition.
He further alleges that those defendants breached their duty of care by
failing to (1) maintain the vessel in a reasonably safe condition; (2) design/adopt a reasonably safe method for the trimethylaluminum reclamation process; (3) provide adequate training to the Plaintiff related to the trimethylaluminum reclamation process; and/or (4) maintain the work environment in a reasonably safe condition.
Those allegations are completely devoid of any factual assertions specifying how Rohm & Haas and Dow Chemical breached any of their purported duties of care (such as how they insufficiently maintained the container or working environment or how the design of or training as to the trimethylaluminum reclamation process was inadequate) but rather just restate the alleged duty of care in the negative. Plaintiff also does not specify which defendant engaged in what particular misconduct.
Such conclusory statements are insufficient to state a claim for negligence. See, e.g., Barnstable Cty. v. 3M Co., Civil Action No. 17-40002, 2017 WL 6452245, at *11-12 (D. Mass. Dec. 18, 2017) (dismissing claims for negligence because "the complaint is devoid of specific allegations as to how each defendant caused the [alleged injury]"); Williams v. Mass. Coll. of Pharmacy & Allied Health Scis., Civil Action No. 12-10313-DJC, 2013 WL 1308621, at *9 (D. Mass. Mar. 31, 2013) ; Miranda v. Hurley, Civil Action No. 10-11117-GAO, 2011 WL 2941570, at *3 (D. Mass. 2011) (dismissing negligence claim for "purported failure to train, supervise, and discipline police officers ... [because] the complaint is completely devoid of any factual basis to *149 support the theory"); see also Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955 )).
Moreover, plaintiff merely asserts that his injuries were the "direct and proximate result of said negligence" but does not otherwise allege any facts to demonstrate that his injuries were caused by the conduct of Rohm & Haas and Dow Chemical rather than one of the other named defendants. Indeed, elsewhere in the complaint Pajak contends that his injuries were caused by the defectively designed or manufactured container supplied by Alfa Laval. It is unclear from the allegations in the complaint how the conduct of Rohm & Haas or Dow Chemical contributed to the accident that was purportedly the result of a defective container manufactured by a third party.
Plaintiff has therefore failed to state a plausible claim for negligence as to Rohm & Haas or Dow Chemical and their motion for judgment on the pleadings as to Counts I and III of the complaint will be allowed. Plaintiff will be permitted, however, to file an amended complaint remedying the identified deficiencies. It appears to the Court that the Dow defendants have been recalcitrant with respect to the relevant issues in this case, such as the identity of the plaintiff's employer and the manufacturer and/or supplier of the allegedly defective container. If the defendants continue to obfuscate, this Court will impose sanctions against the offending party and/or counsel.
ORDER
For the foregoing reasons,
1) Alfa Laval's motion to dismiss for lack of personal jurisdiction (Counts IV, V and VI of the Complaint) (Docket No. 13) is ALLOWED without prejudice;
2) RHEM's motion to dismiss for lack of jurisdiction and for failure to state a claim (Count II of the Complaint) and for an award of attorney's fees and costs (Docket No. 16) is, with respect to the motion to dismiss, ALLOWED but otherwise DENIED; and
3) the motion of Rohm & Haas and Dow Chemical for judgment on the pleadings (Counts I and III of the Complaint) (Docket No. 25) is ALLOWED.
Plaintiff may file within thirty (30) days of this Order an amended complaint with respect to his alleged claims against Alfa Laval, Rohm & Haas and Dow Chemical.
So ordered.

The Court in exercising its discretionary authority declines, however, to award RHEM its attorneys' fees and costs incurred in connection with its motion because plaintiff's argument based on Wentworth was neither unreasonable nor vexatious. See 28 U.S.C. § 1927 ; Galanis v. Szulik, 841 F. Supp. 2d 456, 460 (D. Mass. 2011).